OPINION
{¶ 1} William J. Kapp, appellant, appeals from an order of the Franklin County Court of Common Pleas, which ordered appellee, Ohio Superintendent of Insurance Ann H. Womer Benjamin ("Benjamin"), in her capacity as Liquidator of American Druggists' Insurance Company ("ADIC"), to honor an attorney's lien pursuant to a contingent fee agreement appellant had with appellee, Hoeppner, Wagner Evans, LLP ("Hoeppner").
 {¶ 2} The complicated history of this case begins in 1978, when appellant was injured in an altercation with Wallace Kadish. Appellant sued Kadish and his company, Lake Park Truck Service Center, in an Indiana state court, seeking $1.5 million. At the time of the incident, Kadish was insured by ADIC. The matter proceeded to trial, where the jury awarded appellant, represented by Hoeppner, $290,000. However, for various reasons, the judgment based upon the jury award was not entered until 1988, and has remained unpaid. In 1986, ADIC became subject to liquidation proceedings in the Franklin County Court of Common Pleas, and it is now left to Benjamin to administer ADIC's outstanding claims. In 1999, as part of those proceedings and pursuant to a settlement agreement signed by appellant, the trial court determined appellant's claim was in the amount of $247,911.05. Appellant now appeals from the court's 2004 order, which stated:
This Entry is filed pursuant to the Decision Affirming Liquidator's Determination of Value of William J. Kapp's Claim rendered March 19, 2004. On February 10, 1999, this Court determined that Mr. Kapp's claim (Claim No. 13-03343) to be a Class 2 claim in the amount of $247,911.05.
Pursuant to the March 19, 2004 Decision, the Liquidator is hereby ORDERED to honor the lien of 33 1/3% asserted by Hoeppner, Wagner 
Evans of Valparaiso, Indiana pursuant to a Contingent Fee Agreement on the Class 2 distribution to be made to William Kapp.
Accordingly, the Liquidator is hereby ORDERED to:
Distribute at the same prorata percentage distribution as that of all other claimants in the Class 2 (policyholder) priority class the following:
a. To Mr. Kapp the sum of $165,274.03;
b. To Hoeppner, Wagner Evans of Valparaiso, Indiana the sum of $82,637.02.
There is no just reason for delay.
It is so ordered.
 {¶ 3} Appellant, acting pro se, assigns the following as error:
1. The trial court erred as a matter of law in [its] affirmation of the valuation of my claim by the Liquidator on March 19, 2004 and entered as a final appealable order on April 9, 2004.
2. The trial court erred as a matter of law in honoring the lien of 33 1/3% that was asserted by Hoeppner, Wagner Evans of Valparaiso, Indiana, pursuant to a Contingent Fee Agreement on the Class 2 distribution of my claim. The decision was rendered March 19, 2004 and entered as a final appealable order on April 9, 2004.
 {¶ 4} In his first assignment of error, appellant asserts that the trial court arrived at the wrong total because the court based its conclusion on an Indiana judgment that only awarded compensation for some, not all, of his damages. He additionally claims that, when he signed the agreement in 1999, the attorney assisting him acted without appellant's knowledge or approval in agreeing to a lower sum than appellant wanted.
 {¶ 5} Several obstacles block appellant's successful challenge in an Ohio court of an Indiana jury verdict that is nearly 20 years old, among them res judicata, the statute of limitations, and operation of R.C.3903.36(D), which absolves the court of any obligation to consider judgments or orders entered after initiation of a successful complaint for liquidation. However, appellant's greatest hurdle is the fact that, in February 1999, appellant presented to the trial court a handwritten, signed agreement by which he assented to a settlement in the amount of $247,911.05. This agreement stated, in full:
I William Kapp, having being fully informed by my attorney, David K. Lowe, of the issues concerning my claim with the Ohio Liquidation Fund. I agree that my claim is $247,911.05. I withdraw my objections as filed.
In addition, I agree to address the issue as to the attorney's lien within 9 months of this date of February 5, 1999. That the Ohio Liquidation Fund has no information as to such lien except the letter filed by the attorney. I agree to let David K. Lowe represent this agreement to the court.
 {¶ 6} Appellant now asserts that attorney Lowe fraudulently obtained his agreement to this settlement, and that Lowe acted without appellant's consent in presenting the agreement to the court. However, appellant failed to promptly contest the validity of this agreement, and the record is void of any indication that the agreement was coerced by fraud or otherwise in error. As Benjamin points out in her brief, the settlement terms were a good deal for appellant because the liquidator could have defended on the basis that the ADIC policy did not cover an intentional injury such as appellant received, and because the liquidation complaint preceded the Indiana court's judgment awarding appellant damages. The fact that appellant did not need to litigate in an attempt to overcome those defenses was consideration in exchange for accepting a lesser amount of damages than appellant believed his case merited.
 {¶ 7} Absent compelling evidence to the contrary, a party is presumed to have read and understood an agreement he has signed, and may be bound by its terms. See, e.g., McKay v. Promex Midwest Corp., Montgomery App. No. 20112, 2004-Ohio-3576. Here, appellant entered into a valid contract by which he agreed to accept some $247,000 in settlement of his claim against ADIC. Moreover, his signing of the agreement negates his claim that his attorney acted without his approval in presenting the agreement to the court. Even if appellant has a claim for attorney malpractice or misconduct, it properly would be the subject of a separate action or disciplinary proceeding, and not part of the instant action. Thus, we overrule appellant's first assignment of error.
 {¶ 8} Appellant's second assignment of error raises issue with the contingent fee agreement entitling Hoeppner to one-third of appellant's recovered damages. Appellant asserts several bases for his argument that the agreement is invalid, including that the individual attorney representing him committed malpractice, and that the fee agreement did not commence concurrent with Hoeppner's representation of him.
 {¶ 9} The contingent fee agreement at issue, signed by appellant, states, in part:
The Client does hereby employ said Attorneys to commence and prosecute all claims, demands and actions, and the Client does hereby assign said Attorneys a lien of thirty-three and one-third percent (33 1/3%) of all amounts recovered by settlement, or by judgment as a result of trial; the Client does assign to said Attorneys a lien of forty percent (40%) of all amounts recovered in the event of an appeal.
If no recovery is obtained, no fee shall be payable to the Attorneys. Associate counsel may be employed at the expense and discretion of the Attorney.
 {¶ 10} Appellant's arguments are not well-taken. The fee agreement is facially valid, and signed by appellant. There is no legal requirement that a fee agreement commence simultaneously with the attorney's representation. Finally, any issue appellant has with the quality of representation he received is not properly the subject of the instant action, which, put simply, solely focuses upon Benjamin's need to know to whom the checks should be written. We therefore overrule appellant's second assignment of error.
 {¶ 11} In addition to these assignments of error, appellant has filed a motion seeking reconsideration of this court's decision to deny him an extension of time to correct the record. The test for deciding a motion for reconsideration in the court of appeals is whether the motion calls to the court's attention an obvious error in its decision or raises an issue for consideration that either was not considered at all or was not fully considered by the court when it should have been. Columbus v.Hodge (1987), 37 Ohio App.3d 68.
 {¶ 12} On November 2, 2004, this court denied appellant's motion for an extension of time to correct the record because, at that point, all briefs had been filed and the matter was scheduled for oral argument on November 9, 2004. Pursuant to App.R. 14(B), "[f]or good cause shown, the court, upon motion, may enlarge * * * the time prescribed by these rules * * * or may permit an act to be done after the expiration of the prescribed time." By his motion for extension of time, filed October 26, 2004, appellant sought an additional 45 days to allow him to complete the process of going through four boxes of documents to determine what material may have been omitted. However, by that time, it had been over five months since appellant had filed his notice of appeal, and oral argument was only two weeks away. Appellant thus failed to show good cause as to why his circumstances merited an extension of time to correct the record. In addition, we find that inclusion in the record of the matters referenced by appellant would not affect the result herein. SeeKobayashi v. Koizumi (May 27, 1980), Franklin App. No. 80AP-15. Therefore, because we conclude appellant's motion for reconsideration does not call to our attention an obvious error in our decision, and does not raise an issue for consideration that this court overlooked, we deny the motion.
 {¶ 13} Appellant's first and second assignments of error are overruled, appellant's motion for reconsideration of our denial of his motion for an extension for purposes of supplementing the record is denied, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Motion denied, judgment affirmed.
Sadler and Wright, JJ., concur.
Wright, J., retired of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.