DECISION AND JUDGMENT ENTRY
{¶ 1} John E. Hall pled guilty to nine counts of rape, all relating to sexual conduct involving the daughter of a woman with whom he lived as a "house guest." The trial court sentenced Hall to six-year prison terms for each count and ordered a combination of concurrent and consecutive sentences, for a total of 18 years. Hall appeals his sentences and contends that the trial court committed plain error and violated the Ex Post Facto and Due Process clauses of the Constitution of the United States in retroactively applying the remedial holding of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to crimes predating that decision. However, we have consistently held that the trial court does not violate ex post facto or due process principles by following the remedy mandated by the Supreme Court of Ohio inFoster. We see no reason to reject *Page 2 
our previous holdings. Hall also contends that after Foster, trial courts no longer have authority to impose consecutive sentences. Because trial courts expressly have the discretion to impose consecutive sentences under Foster, we reject this argument as well. Accordingly, we affirm the judgment below.
 I. Facts {¶ 2} In May 2007, a Pike County grand jury indicted Hall on nine counts of rape, in violation of R.C. 2907.02(A)(1)(b), all felonies of the first degree. All of the charges stemmed from sexual acts with the daughter of a woman with whom Hall lived as a house guest, and all occurred over a one-year period when the victim was 11 and 12 years of age. Subsequently, Hall pled guilty to the charges in the indictment. For each count, the trial court sentenced Hall to a six-year prison term, which is more than the three-year minimum prison term provided in R.C. 2929.14(A) for a first-degree felony. The court ordered his sentences for counts one and two to run concurrently with each other, but consecutively with counts three and four, which were to run concurrently with each other. His sentences for counts five and six were to run concurrently with each other, but consecutive to counts one, two, three, and four. His sentences for counts seven, eight, and nine were to run concurrently with counts one and two. Thus, Hall received a total prison term of 18 years. Hall raised no objection to his sentences and now appeals.
 II. Assignments of Error {¶ 3} Hall raises two assignments of error: *Page 3 
First Assignment of Error:
 The trial court denied Mr. Hall due process of law, by sentencing him to non-minimum and consecutive terms of imprisonment, in violation of the ex post facto doctrine. Fourteenth Amendment, Article I, Section X, United States Constitution. (September 5, 2007 Transcript, p. 48; October 2, 2007 Judgment Entry of Sentencing, p. 2-4).
Second Assignment of Error:
 The trial court erred in sentencing Mr. Hall to serve consecutive prison terms. Fourteenth Amendment, United States Constitution; Section 16, Article I, Ohio Constitution. (September 5, 2007 Transcript, p. 48; October 2, 2007 Judgment Entry of Sentencing, p. 2-4).
 III. Ex Post Facto and Due Process Claims {¶ 4} We jointly consider Hall's assignments of error because they raise related issues. Hall contends that the trial court committed plain error and violated the Ex Post Facto and Due Process clauses of the Constitution of the United States in retroactively applying the remedial holding of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, to crimes predating that decision. In Foster, the Supreme Court of Ohio found that several of Ohio's sentencing statutes, including R.C.2929.14(B) and R.C. 2929.14(E)(4), were unconstitutional to the extent that they required judicial fact-finding before imposition of maximum, consecutive, or greater-than-minimum sentences. Id. at paragraphs one, three, and five of the syllabus. Applying the remedy used by the Supreme Court of the United States in United States v. Booker (2005),543 U.S. 220, the Court severed the offending unconstitutional provisions in their entirety from the statutes. Foster at paragraphs two, four, and six of the syllabus, and ¶ 99. The Court stated that trial courts now "have full discretion to impose a prison sentence within the statutory range [of R.C. 2929.14(A)] and are no longer *Page 4 
required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus.
 {¶ 5} Foster was decided on February 27, 2006. The trial court conducted Hall's sentencing hearing on August 30, 2007, and later conducted a re-sentencing hearing on September 5, 2007. Hall could have raised his argument that his sentences violated ex post facto and due process principles with the trial court so that it could have addressed the issues, but he failed to do so. By not raising these arguments to the trial court, Hall has forfeited any alleged error regarding his sentence. State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642,873 N.E.2d 306, at ¶¶ 21-23.
 {¶ 6} Nevertheless, had Hall preserved the issue for appeal, we would reject his claims on the merits. Hall argues that at the time he committed his crimes, he enjoyed a statutory presumption that the sentence imposed would consist of a minimum term of imprisonment to be served concurrently with his other sentences. He claims the Supreme Court in Foster retroactively removed that presumption. We have consistently rejected this argument on the merits and have held that a trial court does not violate due process principles or commit plain error by applying Foster to defendants who committed their offenses before that decision was released. State v. Evans, Washington App. No. 07CA45, 2008-Ohio-1446, 2008-Ohio-1122, at ¶¶ 4-9; State v.VanHoose, Pike App. No. 07CA765, 2008-Ohio-1122, at ¶¶ 22-26; State v.Miller, Washington App. No. 06CA57, 2007-Ohio-6909, at ¶¶ 35-36;State v. Henthorn, Washington App. No. *Page 5 
06CA62, 2007-Ohio-2960, at ¶ 13-14; State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 8-11; State v. Grimes, Washington App. No. 06CA17, 2006-Ohio-6360, at ¶¶ 9-10. Other intermediate courts in Ohio have rejected the same ex post facto and due process arguments as well.State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶ 47;State v. Cain, Franklin App. No. 06AP-682, 2007-Ohio-945, at ¶ 6;State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162, at ¶ 16;State v. Hildreth, Lorain App. No. 06CA008879, 2006-Ohio-5058, at ¶ 10;State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶¶ 41-42.
 {¶ 7} Moreover, we have previously concluded that Miller v.Florida, (1987), 482 U.S. 423, upon which Hall relies, is distinguishable. See State v. Evans, Washington App. No. 07CA45, 2008-Ohio-1446, 2008-Ohio-1122, at ¶ 7; State v. VanHoose, Pike App. No. 07CA765, 2008-Ohio-1122, at ¶¶ 25-26. For the reasons stated inEvans, supra, and VanHoose, supra, we reject Hall's contention that theFoster remedy violates the same constitutional concerns at issue inMiller.
 {¶ 8} Finally, we reject Hall's argument that trial courts have no authority post-Foster to order consecutive sentences. As we previously stated, under Foster, trial courts now "have full discretion to impose a prison sentence within the statutory range and are no longer required to making findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 109 Ohio St.3d 1,2006-Ohio-856, paragraph seven of the syllabus. Foster did not adopt the proposed remedy of mandatory minimum *Page 6 
sentences. See Payne, supra, at ¶ 25. Rather, it returned to a system of judicial discretion that would allow the sentencing court to consider all relevant factors and impose any sentence within the statutory range and order the sentences to run consecutively. Id. at ¶ 26; See, also,State v. Hall, Adams App. No. 07CA837, 2007-Ohio-6091, at ¶ 10. Because under Foster trial courts expressly have the discretion to impose consecutive sentences, we reject Hall's argument that the trial court lacked authority to order consecutive sentences.
 {¶ 9} While recognizing Hall's need to preserve these issues for further review, we reject his argument that the trial court committed plain error and violated ex post facto or due process principles when it sentenced him to non-minimum and consecutive sentences. Therefore, we affirm the judgment of the court below.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk. *Page 1