DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. Carl Scheutzman, defendant below and appellant herein, pled guilty to two counts of arson in violation of R.C. 2903.03(A)(1).
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR: *Page 2 
 "WHERE THE TRIAL COURT DOES NOT MERGE FOR PURPOSES OF SENTENCING DUPLICATIVE CRIMINAL COUNTS, THE CONSECUTIVE SENTENCES THAT RESULT ARE VOID. FURTHERMORE, THE SENTENCE MUST BE VACATED BECAUSE IT VIOLATES DOUBLE JEOPARDY PROTECTIONS AND DUE PROCESS OF LAW."
 SECOND ASSIGNMENT OF ERROR:
 "CARL SCHEUTZMAN WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL COUNSEL FAILED TO OBJECT TO THE TRIAL COURT'S IMPOSITION OF RESTITUTION WITHOUT AN INQUIRY INTO MR. SCHEUTZMAN'S ABILITY TO PAY."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES."
 {¶ 3} On the evening of March 17, 2007, appellant discovered that his girlfriend, Tabitha George, had taken their child to a home where crack was being smoked. Irate at his girlfriend's irresponsibility, appellant set fire to two vehicles at the premises. Subsequently, the Athens Country Grand Jury returned an indictment charging appellant with two counts of arson.
 {¶ 4} Appellant pled guilty at arraignment and the trial court sentenced him to serve consecutive eighteen month prison terms. While there was discussion of damage to the vehicles, appellant requested a separate hearing on restitution. At the conclusion of the sentencing hearing, the trial court indicated that it would schedule another hearing. However, on July 13, 2007, the court ordered appellant to pay $3,593.72 in restitution to one victim and $5,444.86 to the other. Approximately two weeks later, appellant filed a notice of appeal from that judgment. *Page 3 
 {¶ 5} The matter of restitution then came on for hearing on August 24, 2007 and evidence was adduced from both victims regarding their damaged vehicles. Another judgment entry was purportedly filed on October 4, 2007 and reduced the amount of restitution that appellant had been ordered to pay. This judgment entry does not, however, appear in the record of this case. The matter is now before us for review.
 I {¶ 6} Before we consider the merits of the assignments of error, we first address a threshold jurisdictional issue. The filing of a notice of appeal deprives a trial court of jurisdiction to grant any relief inconsistent with an appellate court's ability to affirm, modify or reverse the judgment being appealed. See e.g. Nester v. Lima Mem.Hosp., 139 Ohio App.3d 883, 887, 745 N.E.2d 1153, at fn. 2; State v.Walker (Dec. 11, 1998), Montgomery App. No. 16959. In the case at bar, the July 13, 2007 judgment explicitly ordered that appellant "shall pay restitution" of $3,593.72 to one victim and $5,444.86 to the other victim. This is the judgment entry from which appellant took his appeal. After appellant filed his notice of appeal, the trial court lost jurisdiction to modify restitution because that action directly interferes with our ability to review the matter.
 {¶ 7} For these reasons, we must disregard the purported entry of October 4, 2007 (a copy of which is not in the record anyway) and will consider the July 13, 2007 restitution order. With this caveat in mind, we turn to the merits of the assignments of error.[2] *Page 4 
 II {¶ 8} We jointly consider appellant's first and third assignments of error because they challenge the propriety of the trial court's imposition of consecutive sentences. Appellant first argues that trial courts lost their authority to order consecutive sentences afterState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, struck down some sentencing statutes as unconstitutional. We disagree.
 {¶ 9} We have considered this issue on several occasions and rejected it each time. See e.g State v. Abernathy, Scioto App. No. 07CA3160,2008-Ohio-2949, at ¶ 47; State v. Hall, Pike App. No. 07CA770,2008-Ohio-2710, at ¶ 8; State v. Hall, Adams App. No. 07CA837,2007-Ohio-6091, at ¶ 3. Appellant cites nothing to prompt us to reconsider those rulings. Thus, we continue to adhere to them until the Ohio Supreme Court instructs us to do otherwise.
 {¶ 10} Appellant also argues that the trial court's consecutive sentences are erroneous because the two arson counts are "duplicative" crimes, or allied offenses of similar import, and that he could only be sentenced for one. Again, we disagree.
 {¶ 11} Appellant's argument is premised on R.C. 2941.25(A), which provides that when the same conduct can be construed to constitute two or more allied offenses of similar import, a defendant can be convicted of only one offense. The next subsection of the statute, however, allows for conviction for multiple offenses when the course of conduct can be construed as offenses of "dissimilar import." Id. at (B).
Nevertheless, we are compelled to address such jurisdictional issues. Here, the trial court lost its authority to modify its previous judgment when appellant filed his notice of appeal. *Page 5 
 {¶ 12} The issue is whether the offenses that involve vehicles that belong to separate owners may constitute offenses of "dissimilar import." We answer that question in the affirmative. In State v.Jones (1985), 18 Ohio St.3d 116, 117-118, 480 N.E.2d 408, the Ohio Supreme Court held that the death of two different victims during a single incident of reckless driving constituted offenses of "dissimilar import." Similar conclusions have been reached in other cases. See e.g.State v. Johnson, Hamilton App. No. C-050399, 2006-Ohio-6449, at ¶ 30 (a separate animus exists allowing for multiple convictions when property taken from separate victims during a single robbery); State v.Wilhelm, Know App. Nos. 03-CA-25 03-CA-26, 2004-Ohio-5522, at ¶ 21
(intimidation of separate victims during a single course of conduct are offenses of dissimilar import as a matter of law); State v. Garcia, Cuyahoga App. No. 79917, 2002-Ohio-4179, at ¶¶ 143-144 (when indictment charges arson offenses against separate victims, those offenses are not allied crimes).
 {¶ 13} The gist of these cases is that although a defendant may repeat the same crime as part of a single course of conduct, if those crimes are perpetrated against different victims they are crimes of "dissimilar import."
 {¶ 14} In the case sub judice, the indictment charged appellant with two counts of arson in violation of R.C. 2909.03(A)(1). The statute prohibits causing physical harm to someone's property by means of fire. While no mention is made of the victims' identities in the indictment, it is clear from the transcript that no question exists that the property belongs to two separate victims. Thus, pursuant toJones and its progeny, these are crimes of dissimilar import and appellant can be convicted of both and receive consecutive sentences. *Page 6 
 {¶ 15} We further reject appellant's claim that his Double Jeopardy rights will be violated if multiple, consecutive sentences are permitted to stand. Appellant is not being punished twice for the same conduct. Rather, appellant destroyed two separate vehicles and his sentences correspond to each of those offenses.
 {¶ 16} For these reasons, we find no merit in appellant's first or third assignments of error and they are hereby overruled.
 III {¶ 17} Appellant argues in his second assignment of error that he received ineffective assistance from trial counsel because counsel "did not file an Affidavit of Indigency for [him] in compliance with R.C. 2929.18(B)(1)."
 {¶ 18} Defendants have a constitutional right to counsel, including a right to the effective assistance from counsel. McCann v.Richardson (1970), 397 U.S. 759, 770, 25 L.Ed.2d 763, 90 S.Ct. 1441;State v. Lytle (Mar. 10, 1997), Ross App. No. 96CA2182; State v.Doles (Sep. 18, 1991), Ross App. No. 1660. To establish constitutionally ineffective assistance of counsel, a defendant must show (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense and deprived him of a fair trial. SeeStrickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed .2d 674,104 S.Ct. 2052; also see State v. Issa (2001), 93 Ohio St.3d 49, 67,752 N.E.2d 904; State v. Goff (1998), 82 Ohio St.3d 123, 139,694 N.E.2d 916. Both prongs of the Strickland test need not be analyzed if the claim can be resolved under one. See State v. Madrigal (2000),87 Ohio St.3d 378, 389, 721 N.E.2d 52. Accordingly, if nothing appears in the record to establish prejudice, we need not *Page 7 
address the question of deficient performance. With that in mind, we turn to the prejudice prong of the Strickland test.
 {¶ 19} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that, but for counsel's errors, the result of the trial would have been different. State v. White (1998),82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus. Further, courts may not simply assume the existence of prejudice, but rather may require that it be affirmatively demonstrated. See State v. Clark, Pike App. No. 02CA684, 2003-Ohio-1707, at ¶ 22; State v. Tucker (Apr. 2, 2002), Ross App. No. 01 CA2592; State v. Kuntz (Feb. 26, 1992), Ross App. No. 1691, unreported.
 {¶ 20} In the case sub judice, appellant's claim of ineffective assistance of counsel is grounded on the failure to file a R.C. 2929.18(B)(1) "affidavit" that attests that appellant is indigent and unable to pay restitution. The problem, however, is that the R.C. 2929.18(B)(1) affidavit refers to the inability to pay a "mandatory fine," and does not involve restitution. Thus, trial counsel cannot be faulted for ineffective assistance on this ground.
 {¶ 21} Restitution is a "financial sanction" authorized under R.C. 2929.18(A)(1). The Ohio General Assembly requires that before financial sanctions are imposed, trial courts must consider an offender's present and future ability to pay. See R.C. 2929.19(B)(6). Appellant does not couch his argument in those terms, however, and we cannot raise this issue sua sponte.
 {¶ 22} Insofar as any claim that trial counsel did not object to restitution without *Page 8 
the court first considering appellant's ability to pay, we are not persuaded this alleged inaction constitutes reversible error. Our standard of review, once again, is whether appellant can demonstrate a reasonable probability that, but for counsel's failure to object to restitution on grounds of indigency, his sentence would have been otherwise. Appellant has not carried his burden. The evidence appellant cites to establish his inability to pay restitution is the affidavit of indigency filed for purposes of court appointed counsel. We agree that this is some evidence of indigency, but disagree that it is conclusive. The fact that counsel must be appointed to represent appellant does not necessarily prove that he will be unable to pay restitution over time. See State v. Kelly (2001), 145 Ohio App.3d 277, 283-284, 762 N.E.2d 479;State v. Nichols, Lake App. No. 2005-L-017, 2006-Ohio-2934, at ¶ 72. Furthermore, the instant case is not a case in which appellant received a lengthy prison sentence, thus calling into question his ability to ever pay restitution. See State v. Napper, Ross App. No. 06CA2885,2006-Ohio-6614, at ¶ 16 (prison sentence of 51 years). To the contrary, appellant must serve three years in prison and could, presumably, find employment and begin to repay his victims.
 {¶ 23} Thus, we do not believe that appellant has demonstrated prejudice and has not carried his burden to establish ineffective assistance of counsel. Therefore, we hereby overrule appellant's second assignment of error.
 {¶ 24} Having reviewed all errors assigned and argued in the brief, and finding merit in none of them, the judgment of the trial court is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY *Page 9 
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J. Kline, J.: Concur in Judgment Opinion Harsha, J.: Not participating
[2] Our disregard of the purported October 4, 2007 judgment entry makes little practical difference in this case because appellant does not challenge the amount of restitution. Rather, appellant challenges the order that he pay any restitution at all. *Page 1