[Cite as *Daugherty v. Daugherty*, 2012-Ohio-1520.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| LUCINDA DAUGHERTY, | : | Case No. 11CA18 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JEFFREY DAUGHERTY, | : | **RELEASED 03/28/12** |
| | : | |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Jeffrey Daugherty, South Bloomingville, Ohio, pro se appellant.

David B. Shaver, Pickerington, Ohio, for appellee.
_____
Harsha, J.

{¶1}    Jeffrey Daugherty appeals from a domestic violence civil protection order issued on behalf of his former wife and their minor son.  Mr. Daugherty contends that the court erred when it took various actions relating to the petition for his son.  Because that petition remains pending in the trial court, the entry Mr. Daugherty appeals from does not constitute a final, appealable order.  Thus we lack jurisdiction to consider that part of Mr. Daugherty's appeal and dismiss it.

{¶2}    Mr. Daugherty also complains that the trial court erred when it granted Ms. Daugherty an ex parte protection order and granted her a final order of protection.  Because the final order superseded the temporary ex parte order, any error in the court's issuance of the ex parte order is now moot.  Regarding the final order of protection, Mr. Daugherty not only failed to object to the court's purported errors but explicitly told the court he had no objections to its decision to grant the petition.

Therefore, he waived the right to raise these issues on appeal or invited any resultant error.

## I.  Facts

{¶3}    According to Mr. Daugherty, he and Ms. Daugherty divorced in 2009. (Appellant's Br. 6).  In March 2011, Ms. Daugherty sought a domestic violence civil protection order against Mr. Daugherty for herself and their son.  The trial court issued an ex parte protection order, which it later temporarily extended.  The court also appointed a guardian ad litem for the child and found that Mr. Daugherty could have supervised visitation with his son pending the final hearing.

{¶4}    By entry dated June 3, 2011, the court granted Ms. Daugherty a civil protection order against Mr. Daugherty.  However, the court did not decide whether to grant or deny the request for a protection order for the child.  Instead, the court again ordered weekly supervised visitation between Mr. Daugherty and his son, instructed the guardian ad litem to interview the son and file a report with the court, and ordered that "[i]ssues regarding visitation and custody are certified to the Hocking County Juvenile Court."  Mr. Daugherty filed a notice of appeal from this entry.

{¶5}    Subsequently, on August 26, 2011, the court issued an entry stating that the child was "not a protected person under the final order."  The court ordered that "the Hocking County Court of Common Pleas, General Division, shall have continuing jurisdiction regarding all matters related to parental rights and responsibilities in case number 08 DR 243."  In addition, the court held that "[p]arenting orders made in [this case] regarding visitation and custody of [the son] are hereby vacated.  The appointment of Steve Jackson as [guardian ad litem] is terminated effective August 25,

2011."

## II. Assignments of Error

**{¶6}** Mr. Daugherty assigns the following errors for our review:

ERROR 1: THE COURT SHOULD HAVE FOUND THAT [LUCINDA'S] SWORN STATEMENT DID NOT MEET THE BURDEN OF PROVING THE ACT OF DOMESTIC VIOLENCE BY A PREPONDERANCE OF THE EVIDENCE AND ACCORDINGLY DISMISSED THE ACTION "FOR LACK OF EVIDENCE."

ERROR 2: THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING JEFFREY[']S DUE PROCESS OF LAW BY NOT PROVIDING RESPONDENT WITH AN OPPORTUNITY TO BE HEARD AND BY NOT PROVIDING ADEQUATE NOTICE OF THE FULL SCOPE OF THE HEARING DURING THE GUARDIAN AD LITEM HEARING.

ERROR 3: THE TRIAL COURT ERRORED [SIC] WHEN THEY [SIC] ORDERED THE GUARDIAN AD LITEM TO INVESTIGATE CLAIMS OF CHILD ABUSE

ERROR 4: THE TRIAL COURT'S FINDING THAT JEFFREY ENGAGED IN DOMESTIC VIOLENCE AGAINST LUCINDA WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THEREFORE THE TRIAL COURT ERRED BY ISSUING A CIVIL PROTECTION ORDER.

ERROR 5: THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT MADE ITS ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES LIMITING JEFFREY-FATHER'S [SIC] VISITATION WITH HIS SON.

## III. Final, Appealable Order

**{¶7}** Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so. Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.03(A). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.

*Eddie v. Saunders*, Gallia App. No. 07CA7, 2008-Ohio-4755, at ¶11.  In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte.  *Sexton v. Conley* (Aug. 7, 2000), Scioto App. No. 99CA2655, 2000 WL 1137463, at *2.

**{¶8}**    Typically an order must satisfy R.C. 2505.02 to constitute a final, appealable order.  *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64.  Additionally, if the case involves multiple parties or multiple claims, the court's order must ordinarily meet the requirements of Civ.R. 54(B) to qualify as a final order.  Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."  Generally, absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable.  *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381; see Civ.R. 54(B).  "In the ordinary case, Civ.R. 54(B) certification demonstrates that the trial court has determined that an order, albeit interlocutory, should be immediately appealable, in order to further the efficient administration of justice and to avoid piecemeal litigation or injustice attributable to delayed appeals."  *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, at ¶11.

**{¶9}**    Here, the case involves multiple parties.  Ms. Daugherty sought a protection order against Mr. Daugherty for herself and their son.  However, the order Mr. Daugherty appeals from only grants Ms. Daugherty a protection order.  The order does not grant a protection order for the former couple's son.

**{¶10}** The court's entry does not contain Civ.R. 54(B) language. So ordinarily even if we found the entry Mr. Daugherty appealed from satisfied R.C. 2505.02, we would conclude we lacked jurisdiction over this appeal. However, the Revised Code contains a specific statute on the appealability of orders granting or denying domestic violence civil protection orders. R.C. 3113.31(G) provides: "An order issued under this section, other than an ex parte order, that grants a protection order or approves a consent agreement, that refuses to grant a protection order or approve a consent agreement that modifies or terminates a protection order or consent agreement, or that refuses to modify or terminate a protection order or consent agreement, is a final, appealable order." Thus, the General Assembly has expressly made the determination that an order granting or denying a protection order under R.C. 3113.31, even if interlocutory, is immediately appealable. Therefore, there is no need for a trial court to certify under Civ.R. 54(B) that "there is no just cause for delay." When R.C. 3113.31(G) is implicated, the trial court has no discretion to determine whether to separate claims or parties and permit an interlocutory appeal. See, by way of analogy, *Sullivan*, supra, at ¶12 (explaining that because R.C. 2744.02(C) makes an order denying a political subdivision the benefit of an alleged immunity from liability a final order, trial courts lack discretion to determine whether to separate claims or parties and permit an interlocutory appeal of such an order). Therefore, even without the Civ.R. 54(B) certification, we have jurisdiction to consider Mr. Daugherty's arguments challenging the court's decision to grant Ms. Daugherty a protection order.

**{¶11}** However, we lack jurisdiction to consider his arguments concerning his son's petition. Although the trial court purports to certify the son's case to the juvenile

court, the record does not contain an entry from the juvenile court indicating it consented to the certification.[1]  Thus, the petition for a protection order for the son is still pending in the trial court.  See R.C. 3109.06 ("[A]ny court, other than a juvenile court, that has jurisdiction in any case respecting the allocation of parental rights and responsibilities for the care of a child under eighteen years of age and the designation of the child's place of residence and legal custodian or in any case respecting the support of a child under eighteen years of age, may, on its own motion or on motion of any interested party, *with the consent of the juvenile court, certify the record in the case* or so much of the record and such further information, in narrative form or otherwise, as the court deems necessary or the juvenile court requests, *to the juvenile court for further proceedings; upon the certification, the juvenile court shall have exclusive jurisdiction.*" (Emphasis added)).

{¶12}  Therefore, we dismiss the following portions of Mr. Daugherty's appeal: 1.) the first assignment of error to the extent it appears to challenge the court's decision to grant his son an ex parte protection order; 2.) the second assignment of error to the extent it raises a due process based challenge to proceedings involving his son's petition; 3.) the third assignment of error, which challenges the court's instructions to his son's guardian ad litem; and 5.) the fifth assignment of error, which challenges the court's orders regarding visitation with his son.

{¶13}  We recognize that on August 26, 2011, the trial court entered a judgment that purports to modify its June 3, 2011 orders concerning Mr. Daugherty's son.  In the August entry, the court states that the son is "not a protected person under the final

---

[1] A court of record speaks through its journal entries, not its oral pronouncements.  *State v. King* (1994), 70 Ohio St.3d 158, 162, 637 N.E.2d 903.

order."  Although the court previously purported to certify the son's case to the juvenile court, in the August entry the court indicates that it has continuing jurisdiction over parental rights and responsibilities but under a different case number (presumably the Daughertys' divorce case).  The court also purports to vacate its visitation orders and appointment of a guardian ad litem.  However, the trial court entered this judgment after Mr. Daugherty filed his notice of appeal, and "[t]he filing of a notice of appeal deprives a trial court of jurisdiction to grant any relief inconsistent with an appellate court's ability to affirm, modify or reverse the judgment being appealed."  *State v. Scheutzman*, Athens App. No. 07CA22, 2008-Ohio-6096, at ¶6.   Because the trial court lacked jurisdiction to modify its orders relating to the son, the August entry is a nullity and we must disregard it.

{¶14}  The fact that we are dismissing this appeal as it relates to the petition for Mr. Daugherty's son does not change this result.  The mere fact that a party perfected an appeal from an order that a court of appeals ultimately determines not to be a final, appealable order does not confer authority on the trial court "to proceed on those claims that could be affected while the appeal was pending."  *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, at ¶16 (per curiam).  "'[T]he determination as to the appropriateness of an appeal lies solely with the appellate court,' and a trial court judge's opinion that the order appealed from is not a final, appealable order does not alter the fact that the filing of the notice of appeal divests the trial court of jurisdiction to proceed with the adjudication during the pendency of the appeal."  Id., quoting and citing *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, at ¶¶10-11.

IV.  Protection Orders for Ms. Daugherty

A.  Ex Parte Order

**{¶15}**  In his first assignment of error, Mr. Daugherty appears to challenge the court's decision to issue Ms. Daugherty a temporary ex parte protection order rather than dismiss the case.  However, that order is not a final, appealable order, see R.C. 3113.31(G).  And the court's final order of protection superseded it, rendering any claim regarding the ex parte order moot.  See, by way of analogy, *In re J.L.R.,* Washington App. No. 08CA17, 2009-Ohio-5812 (explaining that in domestic relations actions, final order supersedes temporary orders, rendering possible errors in the temporary orders moot).  Thus, we overrule the first assignment of error to the extent it challenges the ex parte order for Ms. Daugherty.

B.  Final Protection Order

**{¶16}**  In his fourth assignment of error, Mr. Daugherty challenges the final protection order the court granted Ms. Daugherty, arguing that the trial court's finding that he engaged in domestic violence against Ms. Daugherty was against the manifest weight of the evidence.  Mr. Daugherty argues that the only time the court received any evidence on this issue was at an ex parte hearing.  And in his second assignment of error, Mr. Daugherty appears to complain that he was denied due process because he did not have an opportunity to be heard and present evidence to contest the court's issuance of the final order.

**{¶17}**  Mr. Daugherty correctly points out that the only time the court received any evidence in this case to establish that he engaged in domestic violence against Ms. Daugherty was at an ex parte hearing where she testified, i.e. when he had no

opportunity to cross-examine her.  (See Appellant's Br. 21).  And he complains this testimony was insufficient to establish domestic violence.  However, in telling Mr. Daugherty it planned to grant the petition for Ms. Daugherty, the court stated:  "[S]o [Mr. Daugherty] and counsel, this is your time to speak up if there is some need or desire to have a contact or whatever with [Ms. Daugherty], but otherwise I'm going to grant only that portion of request for civil protection that directs you to have no contact with her. I'm going to certify the issues of custody and visitation to the juvenile court and I'll deal with that there."  Mr. Daugherty's attorney did not object, and Mr. Daugherty responded: "I have no objections.  I've never had contact with her other than to establish a visitation anyways."

{¶18}  "[A]n appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."  *State v. Gordon* (1971), 28 Ohio St.2d 45, 50, 276 N.E.2d 243.  Moreover, "[u]nder the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make."  *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 471,1998-Ohio-329, 629 N.E.2d 198 (per curiam).  Mr. Daugherty not only failed to object to the court's decision to grant Ms. Daugherty a protection order when it had not received any evidence outside the testimony it heard at an ex parte hearing, but he affirmatively told the court he had no objection to this decision and did not present any evidence himself when given the opportunity.  Thus he not only waived the right to raise these issues on appeal, *In re Guardianship of Larkin*, Pike App. No. 09CA791, 2009-Ohio-5014, at ¶22, but he also invited any error in the

court's decision.  See *State v. Bialec*, Cuyahoga App. No. 86564, 2006-Ohio-1585, at ¶12 (Corrigan, J. concurring).  Accordingly, we overrule his second assignment of error to the extent it challenges the court's issuance of a final protection order for Ms. Daugherty, and we overrule the fourth assignment of error.

### V.  Conclusion

{¶19}  We lack jurisdiction to consider Mr. Daugherty's first and second assignments of error to the extent they involve his son's petition for a protection order and dismiss those portions of the appeal.  In all other regards, we overrule these assignments of error.  We also lack jurisdiction to consider Mr. Daugherty's third and fifth assignments of error.  In addition, we overrule the fourth assignment of error.

JUDGMENT AFFRIMED IN PART
AND APPEAL DISMISSED IN PART.

Kline, J., dissenting, in part.

**{¶20}** I respectfully dissent, in part, and concur in judgment and opinion, in part. I dissent from the portion of the opinion that holds that the custody and visitation issues remain pending in the trial court because the juvenile court has not consented to the common pleas court's certification under R.C. 3109.06. I agree that R.C. 3109.06 requires the juvenile court to consent to the certification. Here, however, I conclude that we can infer the juvenile court's consent from the record. The common pleas court judge presiding over the case was also the only judge serving on the Hocking County Juvenile Court. Regarding certification, the judge, while presiding over the case in common pleas court, stated, "I'm going to certify the issues of custody and visitation to the juvenile court *and I'll deal with that there.*" (Emphasis added.) June 1, 2011 Tr. at 4.

**{¶21}** Thus, the record demonstrates that the juvenile court has consented to the certification as required by R.C. 3109.06. As a result, I conclude that we should consider the issues relating to Appellant's son's petition for a protection order that would not otherwise be reviewable absent the juvenile court's consent to certification.

**{¶22}** Finally, I concur in judgment and opinion with all other aspects of the opinion.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART and the APPEAL IS DISMISSED IN PART and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, J.:  Concurs in Judgment and Opinion.
Kline, J.:  Concurs in Judgment and Opinion, in part, and Dissents, in part, with Opinion.


For the Court


BY: _____
       William H. Harsha, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**