[Cite as *J.J. v. Kilgore*, 2021-Ohio-928.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [J.J.], | : | |
| Petitioner-Appellee, | : | No. 20AP-401 |
| | | (C.P.C. No. 20DV-645) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Eric S. Kilgore, | : | |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on March 23, 2021

**On brief:** *Thomas P. Sexton*, for appellee. **Argued:** *Thomas P. Sexton.*

**On brief:** *Eric S. Kilgore*, pro se. **Argued:** *Eric S. Kilgore.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

LUPER SCHUSTER, J.

{¶ 1} Respondent-appellant, Eric S. Kilgore, appeals from a domestic violence civil protection order entered by consent in the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch. For the following reasons, we affirm.

**I. Factual and Procedural Background**

{¶ 2} On April 16, 2020, petitioner-appellee, J.J., filed a petition for a domestic violence civil protection order pursuant to R.C. 3113.31. In an addendum to the petition, J.J. averred to facts supporting the petition. On the same day, the trial court granted the petition ex parte and scheduled the matter for a full hearing on May 27, 2020. Among the ex parte order provisions relating to the protection of J.J., the trial court instructed Kilgore to immediately turn over to law enforcement all deadly weapons in his possession and not

to possess, use, carry, or obtain any deadly weapon while the order was in effect. On May 20, 2020, the trial court continued the scheduled May 27, 2020 hearing until July 28, 2020 because of the COVID-19 health crisis.

{¶ 3} On July 28, 2020, Kilgore and J.J. appeared before the trial court and agreed to execute a domestic violence civil protection order by consent. The trial court signed and filed the consent order that day. The consent order included many of the same provisions as the ex parte order, including prohibiting Kilgore from possessing, using, carrying, or obtaining any deadly weapon while the order remains in effect. It did not include, however, the additional specific instruction for Kilgore to turn over all deadly weapons in his possession. Kilgore was served with a copy of the filed consent order, which, by its terms, rendered the ex parte order no longer effective.

{¶ 4} Kilgore timely appeals.

## II. Assignments of Error

{¶ 5} Kilgore assigns the following errors for our review:

[1.] The trial court erred and abused its discretion by accepting third party hearsay and disregarding preponderance of the evidence to grant a CPO.

[2.] The trial court erred and abused its discretion in scheduling the first hearing for May 27th, 2020 after the issuance of the CPO on April 17th, 2020 against Ohio Protection Order Issuance Checklist.

[3.] The trial court erred and abused its discretion in continuing the May 27th, 2020 hearing until July [28]th, 2020 against Ohio Protection Issuance Checklist, Ground for Continuance.

[4.] The trial court erred and abused its discretion by not upholding its order of prosecution, disposal, and dismissal in its letter of continuance from May 20th, 2020.

[5.] The trial court erred and abused its discretion by tabling a threat of a third continuance or my signature in a consent order. Thus, refusing my evidence and my right to be heard at the July [28]th, 2020 hearing.

[6.] The trial court erred and abused its discretion by stating that a consent order is an agreement and there will be no finding of domestic violence.

## III.  Discussion

### A.  First Assignment of Error

{¶ 6}  Kilgore's first assignment of error alleges the trial court erred in granting J.J.'s request for an ex parte domestic violence civil protection order on April 16, 2020.  He argues the trial court, in granting that request, improperly accepted hearsay evidence and the allegations in J.J.'s petition.  This assignment of error is unavailing.

{¶ 7}  A petition for a domestic violence civil protection order is governed by R.C. 3113.31.  Ex parte orders under this statute are not final, appealable orders.  Pursuant to R.C. 3113.31(G)(1), "An order issued under this section, other than an ex parte order, that grants a protection order or approves a consent agreement, that refuses to grant a protection order or approve a consent agreement that modifies or terminates a protection order or consent agreement, or that refuses to modify or terminate a protection order or consent agreement, is a final, appealable order."  Thus, the trial court's granting of J.J.'s request for an ex parte order was not a final, appealable order.  *See Daugherty v. Daugherty*, 4th Dist. No. 11CA18, 2012-Ohio-1520, ¶ 15.  And on July 28, 2020, the trial court approved and filed the consent order, which superseded the ex parte order.  Consequently, any claimed error regarding the ex parte order was rendered moot.  *See id.*

{¶ 8}  Accordingly, we overrule Kilgore's first assignment of error.

### B.  Second and Third Assignments of Error

{¶ 9}  Kilgore's second and third assignments of error concern the trial court's scheduling of the full hearing after it granted ex parte J.J.'s petition for a domestic violence civil protection order on April 16, 2020.  Kilgore asserts the trial court erred in first scheduling the hearing for May 27, 2020, and it again erred in continuing the hearing until July 28, 2020.  We disagree.

{¶ 10}  Pursuant to R.C. 3113.31(D)(2)(a), the trial court must schedule a full hearing for a date within seven or ten days after an ex parte hearing, depending on the specific relief granted.  The court may, however, continue the scheduled hearing if the respondent has not been served with the petition, the parties consent to the continuance, the continuance

is needed to allow a party to obtain counsel, or the continuance is needed for other good cause. *Id.* Whether to continue a hearing for good cause is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Caramico v. Caramico*, 12th Dist. No. CA2015-03-025, 2015-Ohio-4232, ¶ 9. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} The trial court did not abuse its discretion in its scheduling of the full hearing on J.J.'s petition. In early 2020, the COVID-19 pandemic began its grip on the state of Ohio. In response, on March 9, 2020, the Governor of the state of Ohio issued Executive Order 2020-01D, declaring a state of emergency. Additionally, on March 27, 2020, the Ohio General Assembly passed a COVID-19 relief bill, 2020 Am.Sub.H.B. No. 197, which tolled, retroactively to March 9, 2020, all statutorily established statutes of limitations, time limitations, and deadlines in the Ohio Revised Code and Administrative Code until the expiration of Executive Order 2020-01D or July 30, 2020, whichever came sooner. And the Supreme Court of Ohio issued an Administrative Order that tolled the time requirements established by all Supreme Court-promulgated rules. *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166. Based on these circumstances, the trial court's scheduling and continuance of the full hearing on J.J.'s petition was reasonable and appropriate.

{¶ 12} Therefore, we overrule Kilgore's second and third assignments of error.

### C. Fourth, Fifth, and Sixth Assignments of Error

{¶ 13} In his fourth, fifth, and sixth assignments of error, Kilgore contends the trial court erred in accepting and filing the consent order. Kilgore's fourth assignment of error asserts the consent order did not comply with the May 20, 2020 continuance order because the consent order did not involve the prosecution, disposal, or dismissal of the petition. Kilgore's fifth and sixth assignments of error allege the trial court intimidated or fraudulently induced him into signing the consent order. These three assignments of error are not well-taken.

{¶ 14} We reject Kilgore's contention that the trial court erred in entering the consent order because resolution of J.J.'s petition by consent was not listed as a possible

manner of disposition in the May 20, 2020 scheduling order. The underlying premise of this contention is not supported by the May 20, 2020 scheduling order itself. That order simply continued the full hearing on J.J.'s petition set for May 27, 2020, until July 28, 2020, due to the COVID-19 health crisis. It did not indicate the petition could not be resolved by consent order. Also, Kilgore agreed to the terms of the consent order, as evidenced by his signature on the document, which he placed immediately below the following statement: "I have read this Consent Agreement and Civil Protection Order and agree to its terms." (Consent Order at 6.) *See Benjamin v. Am. Druggists' Ins. Co.*, 10th Dist. No. 04AP-490, 2005-Ohio-582, ¶ 7 ("Absent compelling evidence to the contrary, a party is presumed to have read and understood an agreement he has signed."). By agreeing to the consent order, he forfeited any claim that the order was somehow invalid or improper because it did not comply with an earlier filed order.

{¶ 15} Additionally, Kilgore fails to demonstrate the trial court improperly induced him into signing the consent order. Even though the trial court's July 28, 2020 proof of service entry indicates Kilgore appeared before the court, reviewed the consent order, and then signed the consent order, Kilgore contends the trial court forced him into signing the document by not hearing his evidence and threatening another continuance. Kilgore also asserts the trial court falsely characterized the consent order as an agreement, falsely stated there would be no finding of domestic violence, and falsely assured him that if a certain provision of the consent order was left unchecked, then his firearms would be returned to him. Kilgore's assertions either do not support any finding of trial court error in connection with his signing of the consent order or are not supported in the appellate record.

{¶ 16} The consent order was a court approved agreement. Thus, any trial court reference to the consent order as an agreement would not have been a false characterization. But the other alleged trial court statements, if made, would have been incorrect. While there may be no express statement regarding a particular domestic violence incident in the consent order, the order implicitly finds domestic violence as an ongoing problem. Pursuant to R.C. 3113.31(E)(1), "the court may * * * approve any consent agreement to bring about a cessation of domestic violence against the family or household members or persons with whom the respondent is or was in a dating relationship." Thus, the purpose of the trial court's approval of the consent agreement was to stop Kilgore from

committing acts of domestic violence against J.J. This implies domestic violence has occurred. Moreover, while it is unclear exactly which deadly weapon provision Kilgore refers to, the consent order prohibits him from possessing a deadly weapon. Provision 11 of the consent order states that Kilgore "shall not possess, use, carry, or obtain any deadly weapon at any time while the Order remains active, unless [Kilgore] is excepted for official use pursuant to 18 U.S.C. 925(a)(1)." (Consent Order at 3.) There is no empty box next to this provision that the trial court needed to mark to make it an operative part of the order. The more specific subpart to provision 11, which states that Kilgore must turn over all deadly weapons in his possession to local law enforcement, does have an unmarked box next to it. But the absence of such a mark did not remove the requirement that he not possess any deadly weapon while the consent order is effective. Because Kilgore cannot possess, use, carry, or obtain any deadly weapon, any deadly weapon still in his possession would need to be relinquished immediately.[1] Thus, it would have been improper for the trial court to indicate the consent order would not constitute a finding of domestic violence, or that if Kilgore signed the consent order he would have his firearms returned to him. But nothing in the record before us supports Kilgore's contentions that the trial court misinformed him on these issues.

{¶ 17} "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13. Pursuant to App.R. 9, an appellant must submit to the court of appeals a transcript of the trial court proceedings deemed necessary for appellate review. If a transcript is unavailable, an appellant may "prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection," pursuant to App.R. 9(C), or submit a joint statement of the case pursuant to App.R. 9(D). *See* App.R. 9(B)(4). Statements in an appellate brief, or attachments thereto, are not part of the record in determining the appeal. *Cashlink, LLC v. Mosin, Inc.*, 10th Dist. No. 12AP-395, 2012-Ohio-5906, ¶ 8. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon

---

[1] Kilgore also may be prohibited under federal law from possessing any firearm, but that issue is not before us. *See* 18 U.S.C. 922(g)(8).

and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 18} Here, there is no transcript of proceedings, or an acceptable alternative, that would enable this court to review the appropriateness of any statements the trial court made prior to the parties signing the consent order. Thus, we must presume the regularity of the trial court proceedings.

{¶ 19} For these reasons, we overrule Kilgore's fourth, fifth, and sixth assignments of error.

## IV. Disposition

{¶ 20} Having overruled all six of Kilgore's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.

*Judgment affirmed.*

DORRIAN, P.J., and HESS, J., concur.

HESS, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.