DECISION
{¶ 1} Petitioner-appellant, Fatmata Mansaray, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, dismissing her petition for a domestic violence civil protection order ("CPO") against respondent-appellee, Kadiaty Sankoh. Because the trial court erred in dismissing the petition, we reverse.
 {¶ 2} Petitioner and respondent, both native to the Republic of Sierra Leone in western Africa, immigrated to the United States and are related by marriage: respondent is married to petitioner's nephew, the son of petitioner's older sister. On July 2, 2004, petitioner, acting pro se, filed a standardized petition form for a domestic violence CPO pursuant to R.C 3113.31, expressly naming "Kadiaty Sankoh" as the petition's "Respondent."
 {¶ 3} Utilizing the petition's pre-printed language, petitioner alleged that "[p]etitioner is a family or household member of Respondent, and a victim of domestic violence and seeks relief on [behalf of herself and her two minor children]. The relationship of Petitioner to Respondent is that of: * * * [o]ther relative (by blood or marriage) * * * who has lived with Respondent at any time." In her own words, petitioner described the acts of domestic violence allegedly engaged in by the petition's "Respondent" as follows: "[v]iolence against me my kids, went to my house several times and attacked me with a knife and threat[ened] to kill me in front of my kids. I leave [sic, live] alone, my husban [sic] had left and I am afraid of my life and my kids, busted all my tires and damage my car. 5/14/04" (July 2, 2004 Petition.)
 {¶ 4} Pursuant to R.C. 3113.31(D), a magistrate granted an ex parte temporary CPO on behalf of petitioner and her two minor children. A subsequent hearing held before the trial court was conducted informally: no one was placed under oath and evidence was not formally presented. Respondent's husband, petitioner's nephew, explained the relationship between the parties, and petitioner informed the court that respondent and her husband lived with petitioner in her residence from 1997 to 1999 and again from 2001 to 2002.
 {¶ 5} The trial court questioned, but did not affirmatively decide, whether the relationship between the petitioner and respondent is a relationship that falls within the parameters and protections of the domestic violence statute, R.C. 3113.31. The trial court, however, concluded the petition fails to identify respondent Kadiaty Sankoh, or any other person, as the alleged perpetrator who committed the alleged acts of domestic violence. As a result, the trial court dismissed the petition for a CPO. Petitioner appeals, assigning the following errors:
1. The Franklin County Common Pleas Court, Domestic Relations Division, committed reversible error by DISMISSING petitioner's request for a Civil Protection Order (CPO) pursuant to O.R.C. § 3113.31, where petitioner, having already obtained the temporary order contemplated by the statute following an ex parte hearing before a magistrate pursuant to Civil Rule 53, has demonstrated that the relationship between petitioner and respondent, petitioner being the aunt of the respondent's husband (he being the son of petitioner's older sister) does, in fact, meet the statutory elements of the definition of "family or household member" for relationship by affinity and/or consanguinity [O.R.C. § 3113.31(S)(3)(a)] for purposes of invocation of the applicability of the Domestic Violence statutory scheme for a right to consideration by the court for a full CPO in favor of petitioner against the respondent.
2. The Franklin County Common Pleas Court, Domestic Relations Division, committed reversible error by DISMISSING petitioner's request for a Civil Protection Order (CPO) pursuant to O.R.C. § 3113.31, where petitioner, having already obtained the temporary order contemplated by the statute following an ex parte hearing, has adequately demonstrated in her petition the allegations of Domestic Violence and has adequately identified the respondent as the alleged perpetrator, for purposes of invocation of the applicability of the Domestic Violence statutory scheme [O.R.C. § 3113.31(C)] for a right to consideration by the court for a full CPO in favor of petitioner against the respondent.
 {¶ 6} The purpose of a CPO issued pursuant to R.C. 3113.31 is to provide a family or household member with protection from domestic violence. Thomas v. Thomas (1988), 44 Ohio App.3d 6, 7. "Domestic violence" means, among other things, placing a family or household member by the threat of force in fear of imminent serious physical harm. R.C.3113.31(A)(1)(b). A "family or household member" includes a person "who is residing with or has resided with the respondent" and is "related by consanguinity or affinity to the respondent." R.C. 3113.31(A)(3)(a)(ii).
 {¶ 7} R.C. 3113.31(C) requires that a petition for a CPO contain or state the following: "(1) [a]n allegation that the respondent engaged in domestic violence against a family or household member of the respondent, including a description of the nature and extent of the domestic violence; (2) [t]he relationship of the respondent to the petitioner, and to the victim if other than the petitioner; [and] (3) [a] request for relief under [R.C. 3113.31]."
 {¶ 8} In her first assignment of error, petitioner contends she is a "family or household member" under R.C. 3113.31(A)(3)(a)(ii) because she is "related by consanguinity or affinity to the respondent" and "has resided with the respondent."
 {¶ 9} It is undisputed that as the aunt of respondent's husband, who is the son of petitioner's older sister, petitioner is related to the respondent by marriage. The relationship requirement is therefore satisfied because petitioner is related to the respondent by "affinity." R.C. 3113.31(A)(3)(a)(ii). See Black's Law Dictionary (7th Ed.) 1999 (defining "affinity" as "[t]he relation that one spouse has to the blood relatives of the other spouse; relationship by marriage").
 {¶ 10} R.C. 3113.31 contains a further requirement the petitioner must meet to be a "family or household member" within the statute: the petitioner "is residing with or has resided with the respondent." See R.C. 3113.31(A)(3)(a). According to petitioner, respondent and her husband, petitioner's nephew, "resided with" petitioner from 1997 to 1999 and again from 2001 to 2002.
 {¶ 11} R.C. 3113.31 does not specify either a time frame or a length of time that a petitioner and a respondent must reside together, but only requires that they reside together at some point in time. State v. Mrus
(1991), 71 Ohio App.3d 828; Seibert v. Seibert, Crawford App. No. 3-03-06, 2003-Ohio-3758, ¶ 4; Maglionico v. Maglionico (Nov. 9, 2001), Portage App. No. 2000-P-0115. See, also, State v. Williams (1997),79 Ohio St.3d 459, paragraph one of the syllabus (holding that the offense of domestic violence "arises out of the relationship of the parties rather than their exact living circumstances"). Therefore, if, as petitioner claims, she and the respondent resided together for periods of time between 1997 and 2002, she has satisfied R.C. 3113.31(A)(3)(a)'s "resided with" requirement.
 {¶ 12} The trial court erred to the extent it dismissed the petition for a CPO based on a finding that petitioner is not a "family or household member" within R.C. 3113.31(A)(3) and therefore cannot invoke the right to a full hearing in the trial court under R.C. 3113.31(D)(2) on her request that a full protection order be issued against respondent pursuant to R.C. 3113.31(E). Petitioner's first assignment of error accordingly is sustained.
 {¶ 13} In her second assignment of error, petitioner asserts the trial court erred in finding that the petition for a CPO fails to identify respondent as the person who committed the alleged acts of domestic violence.
 {¶ 14} On the face of the pre-printed petition form, "Kadiaty Sankoh" is clearly written in the space provided for the name of the person who is the petition's "Respondent." On that same page, section No. 3 of the petition states in pre-printed language: "Respondent has engaged in the following act(s) of domestic violence (describe the acts as fully as possible, add additional pages if necessary)[.]" (Emphasis added.) The pre-printed language ends with a colon, and underneath are several blank lines the petitioner can use to describe the acts of domestic violence allegedly committed. The petition form neither asks for nor requires that the petitioner again identify the "Respondent" by name as the person who committed the domestic violence acts described.
 {¶ 15} When the petition is reviewed in its entirety, "Kadiaty Sankoh," respondent in this action, clearly is identified as the "Respondent" who engaged in the acts of domestic violence described in section No. 3 of the petition. Further, the acts petitioner described, fully set forth above, sufficiently allege acts of "domestic violence" for which R.C. 3113.31 provides protection. Petitioner's second assignment of error also is sustained.
 {¶ 16} Having sustained both assignments of error, we reverse the trial court's judgment dismissing the petition for a CPO, and we remand for the trial court to hold a full hearing on the petition in accordance with R.C. 3113.31(D)(2) and to decide whether a protection order that grants petitioner the requested relief should be issued under R.C.3113.31(E).
Judgment reversed and case remanded.
Petree and Sadler, JJ., concur.