[Cite as *D.M.W. v. E.W.*, 2018-Ohio-821.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [D.M.W.], | : | |
| Petitioner-Appellee, | : | No. 17AP-359 |
| | | (C.P.C. No. 17DV-326) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [E.W.], | : | |
| Respondent-Appellant. | : | |

### D E C I S I O N

**Rendered on March 6, 2018**

**On brief**: *Samuel H. Shamansky Co., L.P.A.*, *Samuel H. Shamansky*, *Donald L. Regensburger*, **and** *Colin E. Peters*, for appellant. **Argued**: *Samuel H. Shamansky*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BROWN, P.J.

{¶ 1} Respondent-appellant, E.W., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, issuing a Domestic Violence Civil Protection Order ("CPO") to petitioner-appellee, D.M.W. Appellant has also filed a motion to supplement the record with three affidavits and an audio transcript of the CPO hearing, which we grant.

{¶ 2} On March 15, 2017, appellee filed a CPO. On the same day, the trial court granted a CPO ex parte and set the matter for a full hearing on March 28, 2017.

{¶ 3} On March 28, 2017, appellant appeared at the hearing with counsel, and appellee appeared pro so. The trial court granted appellant's motion to continue, and the matter was reset for a full hearing on April 21, 2017.

{¶ 4} On April 21, 2017, the matter was to be heard before the trial court. Appellant has attached to his motion to supplement the record his own affidavit, the

affidavit of his counsel, Sam Shamansky, and the affidavit of co-counsel, Julie Keys. The following facts are derived from these affidavits. Keys and appellant arrived around the start time for the scheduled hearing and checked-in with the trial court's bailiff. The bailiff directed appellant to sit at the far end of the hallway outside the courtroom and to have no contact with appellee. Keys discussed the possibility of a continuance with the bailiff, but the bailiff informed Keys that the judge was not expected to arrive for at least 45 minutes. Keys had another matter scheduled in the Franklin County Municipal Court, and the bailiff told Keys to leave her cellphone number so Keys and Shamansky could be contacted when the judge arrived. The bailiff eventually telephoned Keys that the judge had arrived.

{¶ 5}   When Keys arrived in the courtroom, the trial court overheard her speaking to the bailiff about a possible continuance. The trial court indicated that no continuance would be granted, and Keys told the trial court appellant was prepared for the full contested hearing. Keys returned to the conference room outside the courtroom and waited for the case to be called. Keys averred the bailiff knew Keys was in the conference room and appellant was in the hallway. Approximately 10 to 15 minutes later, Keys heard and saw the bailiff ask appellee to come into the courtroom. At this point, Shamansky joined Keys in the conference room and waited to be summoned by the bailiff.

{¶ 6}   After waiting a short time, appellant, Keys, and Shamansky entered the courtroom, and the trial court told them that the case was "done." When Keys and Shamansky asked for an explanation, the trial judge said that she could not ask appellee to stay any longer. The trial court then continued with the docket. Appellant's counsel stayed in the courtroom until the trial court completed the docket and then requested the trial court make a record of the events. The trial court refused to allow them to make a record and informed them of their right to appeal.

{¶ 7}   On April 21, 2017, the trial court issued a CPO. Appellant appeals the trial court's CPO, asserting the following assignment of error:

> BY ISSUING A DOMESTIC VIOLENCE CIVIL PROTECTION ORDER AFTER PURPOSELY DENYING APPELLANT AN OPPORTUNITY TO BE HEARD AND FALSIFYING THE RECORD, THE TRIAL COURT FAILED TO COMPLY WITH STATUTORY LAW, ENGAGED IN CRIMINAL CONDUCT, DISREGARDED THE OHIO CODE OF JUDICIAL CONDUCT, ABUSED ITS DISCRETION, AND VIOLATED

APPELLANT'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.

{¶ 8} We first address appellant's motion to supplement the record. In the motion, appellant seeks to supplement the appellate record with the affidavits of appellant, Shamansky, and Keys, as well as the audio recording of the transcript. Appellant asserts the affidavits explain the events that occurred outside of the record taken at the full hearing. As for the audio recording, appellant claims the bailiff's tone of voice shows her confusion about the attendance issue. We hereby grant appellant's motion to supplement the record pursuant to App.R. 9(E).

{¶ 9} In appellant's sole assignment of error, appellant argues the trial court failed to give him an opportunity to be heard, actively denied him such opportunity, and failed to comply with statutory law. Specifically, as set forth above in the factual summary, appellant contends his counsel checked-in with the bailiff, the bailiff was aware counsel and appellant were waiting outside of the courtroom, counsel had already informed the trial court and bailiff they were prepared for a full hearing, yet the trial court's bailiff failed to retrieve them and the trial court conducted the CPO hearing in the absence of appellant and his counsel. The transcript of the hearing also reveals the following discussion between the trial court and appellee at the commencement of the hearing:

> JUDGE BROWNE: You [appellee] filed a Civil Protection Order against [appellant]?
>
> [APPELLEE]: Yes.
>
> JUDGE BROWNE: Alright, and it is 10:51 a.m. What time did you get here this morning?
>
> [APPELLEE]: 8:15.
>
> JUDGE BROWNE: Okay, alright. Counsel for your husband has appeared, asked for a continuance, I said no we needed to proceed, and it's about half an hour later. I'm not gonna [sic] make you wait any longer. Is it your intention to have a Civil Protection Order issued in this case?
>
> [APPELLEE]: Yes.

(Tr. at 2.)

{¶ 10} At the end of the hearing, the following discussion took place between the trial court and its bailiff:

> BAILIFF: Your Honor, it was one little spot that I didn't know what to put - - what to put about who attended. Do I still say that they checked in or not or how - - how to you - -
>
> JUDGE BROWNE: Nuh-huh (negative response).
>
> BAILIFF: - want me to put the attendance?
>
> JUDGE BROWNE: Same - - same, they were served and didn't appear.
>
> BAILIFF: Oh, okay.

(Tr. at 6-7.) Consistent with the court's above directive, the CPO indicates that "Respondent was served but failed to appear."

{¶ 11} Appellee sought a CPO through R.C. 3113.31. Where an appeal requires an analysis of R.C. 3113.31, the civil domestic violence statute, we apply a de novo standard of review. *Hope Academy Broadway Campus v. Ohio Dept. of Edn.*, 10th Dist. No. 07AP-758, 2008-Ohio-4694, ¶ 13. If a petitioner files a petition under R.C. 3113.31 and requests an ex parte order, the trial court is to hold a hearing the same day and, for good cause shown, may enter an ex parte temporary order. R.C. 3113.31(D)(1). When, like in the present case, the court issues an ex parte CPO that does not order the respondent to vacate the premises under R.C. 3113.31(E)(1)(b) or (c), but orders any other type of CPO that is authorized under R.C. 3113.31(E), "the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing." R.C. 3113.31(D)(2)(a).

{¶ 12} Though R.C. 3113.31 requires a "full hearing," the statute does not define the term "full hearing." This court has previously considered the meaning of "full hearing" as used in R.C. 3113.31. In *Tarini v. Tarini*, 10th Dist. No. 12AP-336, 2012-Ohio-6165, we noted that although R.C. 3113.31 does not define the term "full hearing," in general a full hearing " 'is one in which ample opportunity is afforded to all parties to make, by evidence and argument, a showing fairly adequate to establish the propriety or impropriety of the step asked to be taken.' " *Id.* at ¶ 14, quoting *Deacon v. Landers*, 68 Ohio App.3d 26, 30 (4th Dist.1990). " '[W]here the issuance of a protection order is contested, the court must,

at the very least, allow for presentation of evidence, both direct and rebuttal, as well as arguments.' " *Id.*, quoting *Deacon* at 30.

{¶ 13} In the present case, based on affidavits of appellant and his counsel and the transcript from the hearing, we find the trial court failed to afford appellant a full hearing as required by R.C. 3113.31. The trial court was aware appellant and his counsel were present and prepared for a full contested hearing, yet it did not permit appellant or counsel to appear before the court to present evidence. The trial court's failure to conduct a "full hearing" as contemplated by R.C. 3113.31 constitutes reversible plain error. *See Tarini* at ¶ 18-20 (concluding trial court's failure to conduct a "full hearing" under R.C. 3113.31 constitutes not only a violation of the statute but a deprivation of due process as well). Therefore, we sustain appellant's assignment of error.

{¶ 14} Accordingly, appellant's single assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed. We remand this matter to that court with instructions to: (1) vacate its April 21, 2017 judgment, (2) schedule a new full hearing for a date that is within ten court days after the filing of the judgment entry in this appeal, consistent with the requirement to schedule a full hearing within ten court days of the ex parte hearing outlined in R.C. 3113.31(D)(2)(a), unless the court grants a continuance consistent with the same statute, (3) conduct the new full hearing in accordance with this decision, and (4) immediately reinstate and make effective the previously issued ex parte CPO until the matter is resolved after the full hearing.

*Motion granted; judgment reversed;*
*cause remanded with instructions.*

TYACK and DORRIAN, JJ., concur.

_____