[Cite as *J.M. v. L.J.*, 2020-Ohio-4419.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

J. M.

     Appellant

     v.

L. J.

     Appellee

C.A. No.    19CA011549

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17DV083478

DECISION AND JOURNAL ENTRY

Dated: September 14, 2020

CARR, Presiding Judge.

{¶1} Appellant J.M. appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2} At the time of the incidents leading to this appeal, J.M. and Appellee L.J. were married and had two children. In 2017, the parties' relationship began to deteriorate. J.M. attributed some of the parties' problems to L.J.'s alcohol use. A confrontation arose between the parties in June 2017; however, J.M. was not "physically harmed" during that incident.

{¶3} In September 2017, another confrontation arose. J.M. maintained that L.J. was intoxicated, while L.J. denied the same. L.J. followed J.M. throughout the house asking her questions about where she had been and who she might have been seeing. L.J. also made remarks to the children about J.M. and her behavior. The parties' children were very upset by the incident.

At one point, L.J. reached toward J.M. and grabbed her shoulder area, resulting in visible red marks on J.M.'s neck, chest, and shoulder.

{¶4}    Ultimately, J.M. fled the home and went to a friend's house. The friend observed the marks on J.M.'s neck, chest, and shoulder. On September 11, 2017, J.M. filed a petition for a domestic violence civil protection order on behalf of herself and the two children. An ex parte order was issued that same day, and, following a full hearing before a magistrate, a full hearing domestic violence civil protection order was issued. At that time, a divorce action was pending. In the entry granting the full hearing civil protection order, the magistrate found that, during the September 2017 incident that resulted in the protection order, L.J. "was acting as if he was under the influence of alcohol or some other substance." The provisions of the protection order included both that L.J. not use or possess alcohol or illegal drugs and that he not consume alcohol in the presence of the children. The order was set to expire in September 2022.

{¶5}    L.J. filed objections and oral argument was heard on the objections. Thereafter, the trial court modified the order to remove the parties' children as protected parties but otherwise concluded that the order should remain in full force and effect. Neither party appealed.

{¶6}    In April 2019, L.J. filed a motion pursuant to R.C. 3113.31(E)(8)(b) to terminate the domestic violence civil protection order. In his motion, L.J. noted that, while he was originally charged with domestic violence in relation to the September 2017 incident, the charge was reduced to disorderly conduct persisting. L.J. believed that the protection order should be terminated because he did not believe J.M. was still in fear of L.J., there had been no violations of the protection order, and the parties lived within close proximity without negative contact.

{¶7}    The hearing on the motion to terminate the protection order was consolidated with the hearing on the parties' divorce. In its judgment entry, after reviewing the factors outlined in

R.C. 3113.31(E)(8)(c), the trial court concluded that L.J. failed to demonstrate by a preponderance of the evidence that the protection order should be fully terminated. Nonetheless, "due to [J.M.'s] admission that [L.J.] did not physically harm her or the children," the trial court found that the protection order should be reduced from five years to two years, expiring on September 11, 2019. In addition, the court found the provision of the protection order that required L.J. to not use or possess alcohol was over-burdensome and struck that provision from the protection order.

{¶8}   J.M. has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT MODIFIED THE
CIVIL PROTECTION ORDER[.]

{¶9}   J.M. argues that the trial court abused its discretion in modifying the civil protection order.

{¶10}   "Either the petitioner or the respondent of the original protection order or consent agreement may bring a motion for modification or termination of a protection order or consent agreement that was issued or approved after a full hearing." R.C. 3113.31(E)(8)(b). "The court may modify or terminate as provided in division (E)(8) of [R.C. 3113.31] a protection order or consent agreement that was issued after a full hearing under this section." R.C. 3113.31(E)(8)(a). "The moving party has the burden of proof to show, by a preponderance of the evidence, that modification or termination of the protection order or consent agreement is appropriate because either the protection order or consent agreement is no longer needed or because the terms of the original protection order or consent agreement are no longer appropriate." R.C. 3113.31(E)(8)(b).

> In considering whether to modify or terminate a protection order or consent agreement issued or approved under this section, the court shall consider all relevant factors, including, but not limited to, the following:

(i) Whether the petitioner consents to modification or termination of the protection order or consent agreement;

(ii) Whether the petitioner fears the respondent;

(iii) The current nature of the relationship between the petitioner and the respondent;

(iv) The circumstances of the petitioner and respondent, including the relative proximity of the petitioner's and respondent's workplaces and residences and whether the petitioner and respondent have minor children together;

(v) Whether the respondent has complied with the terms and conditions of the original protection order or consent agreement;

(vi) Whether the respondent has a continuing involvement with illegal drugs or alcohol;

(vii) Whether the respondent has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for an offense of violence since the issuance of the protection order or approval of the consent agreement;

(viii) Whether any other protection orders, consent agreements, restraining orders, or no contact orders have been issued against the respondent pursuant to this section, section 2919.26 of the Revised Code, any other provision of state law, or the law of any other state;

(ix) Whether the respondent has participated in any domestic violence treatment, intervention program, or other counseling addressing domestic violence and whether the respondent has completed the treatment, program, or counseling;

(x) The time that has elapsed since the protection order was issued or since the consent agreement was approved;

(xi) The age and health of the respondent;

(xii) When the last incident of abuse, threat of harm, or commission of a sexually oriented offense occurred or other relevant information concerning the safety and protection of the petitioner or other protected parties.

R.C. 3113.31(E)(8)(c).

{¶11} A trial court's judgment modifying a domestic violence civil protection order is reviewed for an abuse of discretion. *See Y.H. v. C.C.*, 8th Dist. Cuyahoga No. 107892, 2019-Ohio-2922, ¶ 13.

{¶12} Here, the trial court concluded that L.J. failed to meet his burden to demonstrate an immediate termination of the protection order was warranted. The trial court noted that the protection order was having its intended effect. Nonetheless, the trial court "place[d] significant weight to [J.M.'s] testimony and admission that [L.J.] never physically harmed her or the parties' children." The trial court then stated that it "question[ed] the timing of [J.M.] seeking a DVCPO against [L.J.] at the emotion[al] conclusion of their relationship, and whether [J.M.] used the DVCPO to prevent [L.J.] from seeing his own children which was traumatic for both the children and [L.J.]." "[D]ue to [J.M.'s] admission that [L.J.] did not physically harm her or the children, the Court [found] that the DVCPO should be reduced from a five year DVCPO to a two year DVCPO with an expiration date of September 11, 2019."

{¶13} The trial court then stated that the "provision #16 of the DVCPO [which] order[ed] [L.J.] to not use or possess alcohol [was] over-burdensome, and that the allegations by [J.M.] regarding [L.J.'s alcohol use [were] questionable at best, and only focuse[d] on isolated incidents of drinking alcohol in 2017 that involved no physical harm to [J.M.] or the minor children. Further, these incidents [were] unrelated to the event that gave rise to the issuance of the DVCPO on September 11, 2017."

{¶14} Unfortunately, the primary factual finding that that the trial court relied on in concluding that a modification was warranted is not supported by the record. The trial court, by its own admission, placed significant weight on its finding that J.M. admitted that L.J. did not physically harm her or the children. First, we note that the children were not protected parties under the protection order following the trial court's July 2018 entry ruling on L.J.'s objections. In that entry, the trial court concluded that L.J. never caused or attempted to cause physical harm to the children.

{¶15}   With respect to the trial court's finding that J.M. admitted that L.J. did not cause her physical harm, we cannot say that finding is supported by the record.  This finding appears to come from L.J.'s counsel's cross-examination of J.M. at the 2019 termination hearing.  There, L.J.'s counsel asked J.M. to review her testimony from the 2017 hearing.  L.J.'s counsel had J.M. read her response to the question "Were you physically harmed?"  J.M. read her response which was, "I wasn't physically harmed."  While J.M. did provide that response to that question at the 2017 hearing, a review of the 2017 hearing transcript reveals it was not in the context of the September 2017 incident.  Instead, when J.M. was asked that question at the 2017 hearing, she was being asked about the June 2017 incident, which was not the incident that formed the basis upon which the protection order was granted.  At the 2019 termination hearing, J.M. was then asked if she would agree that L.J. caused her no physical harm at all on September 9, 2017, based upon her answers at the 2017 hearing.  J.M. answered that that was incorrect.  J.M. pointed out that she had marks on her neck.

{¶16}   The record does not support that J.M. admitted at the 2019 termination hearing that she suffered no physical harm during the September 2017 incident that formed the basis of the protection order.  Instead, the record discloses that J.M. admitted during the original 2017 hearing that she suffered no physical harm during the June 2017 incident.  Notably, during closing argument at the 2019 termination hearing, L.J.'s counsel requested that the trial court review the transcript of the 2017 hearing to confirm that J.M. did not suffer physical harm.  As noted above, review of that transcript does not support the trial court's finding.

{¶17}   This finding, that J.M. admitted that she did not suffer physical harm during the September 2017 incident appears to be the primary basis upon which the trial court determined it was appropriate to shorten the duration of the protection order.  It also appears that this finding

influenced the trial court's decision to eliminate the requirement that L.J. not use or possess alcohol. In eliminating that requirement, the trial court noted that "the allegations by [J.M.] regarding [L.J.'s alcohol use [were] questionable at best, and only focuse[d] on isolated incidents of drinking alcohol in 2017 that involved no physical harm to [J.M.] or the minor children."

{¶18} Given the substantial weight that the trial court put on a finding that is not supported by the record before this Court, we can only conclude that the trial court abused its discretion in modifying the protection order. This Court takes no position on whether the protection order should be modified; instead, this Court concludes that the trial court's basis for modifying the protection order is not supported by the record.

{¶19} J.M.'s assignment of error is sustained.

### III.

{¶20} J.M.'s assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

WAYNE R. NICOL, Attorney at Law, for Appellant.

R.J. BUDWAY, Attorney at Law, for Appellee.