[Cite as *State v. Rohrig*, 2021-Ohio-3903.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 20AP-579 |
| v. | : | (M.C. No. 2019 CRB 016888) |
| Kyle Rohrig, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 2, 2021

**On brief:** *Metz, Bailey & McLoughlin, Lauren R. Swihart,* and *Michael K. Fultz,* for appellee. **Argued:** *Lauren R. Swihart.*

**On brief:** *Kyle Rohrig,* pro se. **Argued:** *Kyle Rohrig.*

APPEAL from the Franklin County Municipal Court

MENTEL, J.

{¶ 1} Kyle Rohrig appeals from the judgment of the Franklin County Municipal Court entered after a jury found him guilty of violating a protective order under R.C. 2919.27. For the following reasons, we affirm the judgment.

{¶ 2} On September 13, 2019, Mr. Rohrig was charged under R.C. 2919.27 with one first-degree misdemeanor count of violating a protective order issued under R.C. 2919.26, to which he entered a plea of not guilty. A jury found him guilty of the offense and the trial court imposed a sentence of 180 days of incarceration, with 150 days suspended and jail-time credit for 28 days. (Dec. 10, 2020 Sentence Entry.) Mr. Rohrig has filed an appeal pro se and asserts the following assignments of error:

1. Westerville's Prosecution and Police Dept. lacked jurisdiction to bring charges into Franklin County Municipal Court at first under Brady RUle.

2. The trial court disallowed evidence from Columbus jurisdiction that is in Franklin County and direct precedent to the case as well as allowed Appellee to use Appellant's Franklin County record, but disallowed Appellant to use all of Franklin County against them under Brady Rule.

3. The Trial Court, Arraignment Court, and Westerville Prosecutor's Office violated 5th and 8th amendment multiple times under bail and revocation of bail as well as Brady Rule.

(Sic passim.)

{¶ 3} We interpret the reference to "jurisdiction" in the first assignment of error as asserting that the police officer lacked authority to file the criminal complaint charging Mr. Rohrig with violating the protective order and that the city prosecutor lacked the authority to try the case against him. Mr. Rohrig also appears to contest the Franklin County Municipal Court as the proper forum for adjudicating the charge against him. *See* Appellant's Brief at 4 (arguing that he should first have been charged in the court of common pleas). None of these arguments have merit.

{¶ 4} Under R.C. 737.11, a city's police force has the power to "enforce * * * all criminal laws of the state" of Ohio, and the statute makes specific reference to "court orders issued * * * pursuant to section[] 2919.26 * * * of the Revised Code," the violation of which resulted in Mr. Rohrig's conviction under R.C. 2919.27. (Sept. 13, 2019 Compl.) Furthermore, the Westerville prosecutor's authority to prosecute Mr. Rohrig is expressly granted by statute. *See* R.C. 1901.34(A) (stating that the "city director of law, or similar chief legal officer for each municipal corporation within the territory of a municipal court shall prosecute all cases brought before the municipal court for criminal offenses occurring within the municipal corporation") and R.C. 1901.34(C) (stating that a municipality's "city director of law * * * shall perform the same duties, insofar as they are applicable * * * as are required of the prosecuting attorney of the county"). *See also State v. Copley*, 72 Ohio App.3d 278, 280-81 (4th Dist.1991) (construing R.C. 1901.34(A) to "indicate[] that a city prosecutor has the authority to prosecute criminal cases in the municipal court" and R.C. 1901.34(C) to "indicate[] that a city prosecutor performs the same duties as a

county prosecuting attorney").   Because Westerville is partially in Franklin County, the Franklin County Municipal Court was a proper forum to hear the misdemeanor charge against Mr. Rohrig.[1]   *See* R.C. 1901.20(A)(1) (stating that "[t]he municipal court has jurisdiction to hear misdemeanor cases committed within its territory") and R.C. 1901.02(B) (stating that "[t]he Franklin county municipal court has jurisdiction within Franklin county").

{¶ 5}   Finally, Mr. Rohrig's reference to "the '*Brady* rule,' which imposes upon a prosecutor a due process duty to disclose evidence favorable to the accused," does not advance the jurisdictional argument he raises.  *State v. Cornwell*, 7th Dist. No. 00-CA-217, 2002-Ohio-5177, ¶ 57, citing *Brady v. Maryland*, 373 U.S. 83 (1963).  The first assignment of error is overruled.

{¶ 6}   Mr. Rohrig's second and third assignments of error also invoke *Brady* and appear to allege constitutional violations in connection with the revocation of bail. However, we are unable to review either assignment of error because Mr. Rohrig has failed to file a transcript of the trial court proceedings.  Under App.R. 9(B)(3), an "appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court."  " 'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.' "  *Pond v. Pond*, 10th Dist. No. 20AP-262, 2021-Ohio-1708, ¶ 5, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Presuming the validity of the trial court's rulings that Mr. Rohrig challenges, we overrule the second and third assignments of error.

---

[1] We take judicial notice of the geographic fact that the territorial boundaries of Westerville extend into both Franklin County and Delaware County.  " 'Courts may take judicial notice of geographical facts which are matters of common knowledge, particularly those existing within the jurisdiction of the court.' "  *State v. Tye*, 10th Dist. No. 76AP-17, 1976 Ohio App. LEXIS 6602, *4 (June 15, 1976), quoting *State v. Scott*, 3 Ohio App.2d 239, 242 (11th Dist.1965).  Mr. Rohrig does not argue that the offense was committed within Delaware County or that venue in its municipal court was proper.  *See State v. Pausch,* 10th Dist. No. 98AP-1096, 1999 Ohio App. LEXIS 200, *5 (Jan. 28, 1999) (holding that the fact that "Delaware County Municipal Court also has jurisdiction over that portion of the city of Columbus in Delaware County" does "not divest the Franklin County Municipal Court of the jurisdiction granted to it by R.C. 1901.02" to hear misdemeanor cases).

{¶ 7} Having overruled all assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BROWN and BEATTY BLUNT, JJ., concur.

_____