[Cite as *J.M. v. S.M.*, 2023-Ohio-4803.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [J.M.], | : | |
| Petitioner-Appellant, | : | No. 22AP-773 |
| | | (C.P.C. No. 20DV-1599) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [S.M.], | : | |
| Respondent-Appellee. | : | |

D E C I S I O N

Rendered on December 28, 2023

**On brief:** *Capital University Law School General Litigation Clinic* and *Family Advocacy Clinic*, and *Lorie L. McCaughan*, for appellant. **Argued:** *Lorie L. McCaughan.*

**On brief:** *Greco Law*, *Anthony W. Greco*, *Susan M. Suriano*, and *Joseph S. Jeziorowski*, for appellee. **Argued:** *Anthony W. Greco.*

**On brief:** *Ohio Crime Victim Justice Center*, and *Elizabeth A. Well*; *Ohio Survivor Legal Assistance Clinic*, *Stephanie B. Scalise*, and *Caitlyn Benzo*, for Amici Curiae.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

JAMISON, J.

{¶ 1} Petitioner-appellant, J.M., brings this appeal of a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the court granted a motion to terminate a domestic violence civil protection order ("CPO") filed by respondent-appellee, S.M. For the following reasons, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   The parties were married in September 2012, and were the parents of one minor child, A.M.

{¶ 3}   On March 26, 2020, appellant filed a petition for a CPO against appellee, and an ex parte CPO was issued the same day.  Appellant was the only protected party.  The parties have been living separate and apart since March 2020.  On April 14, 2020, appellant filed a complaint for divorce.

{¶ 4}   The final hearing for the CPO was continued several times.  The CPO was dismissed by appellant on August 12, 2020.

{¶ 5}   On June 3, 2020, appellee was arrested and criminally charged with violation of a protection order after he sent 100 red roses to appellant.  The charges were dismissed at the request of the prosecutor on June 22, 2021.

{¶ 6}   On September 5, 2020, appellee was again charged with violating a protection order.  The charges were dismissed on September 8, 2020.

{¶ 7}   On September 11, 2020, appellant filed a second petition for a CPO, and received an ex parte order that day.  Appellant was the only protected party.  After several continuances, the parties entered into an order of protection by consent on June 17, 2021.  The consent agreement was to be effective until June 17, 2024, unless modified or dismissed by the trial court.

{¶ 8}   On August 3, 2022, appellee filed a motion to terminate the consent agreement, and the court conducted an evidentiary hearing on November 4 and 7, 2022.  On November 22, 2022, the trial court issued a judgment entry which granted appellee's motion and terminated the consent agreement.

{¶ 9}   Appellant now brings this appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 10} Appellant assigns the following four assignments of error for our review:

[1.] The trial court erred as a matter of law and abused its discretion when it did not treat the [Domestic Violence]-CPO by Consent as a binding contract between the parties.

[2.] The trial court erred and abused its discretion when it granted Appellee's Motion to Terminate the [Domestic

Violence]-CPO by Consent after it failed to properly analyze and weigh the statutory factors provided in R.C. 3113.31(E)(8)(c).

[3.] The trial court erred and abused its discretion when it failed to consider Appellant's constitutional rights under Marsy's Law for Ohio as related to Appellee's Motion to Terminate the [Domestic Violence]-CPO by Consent.

[4.] The trial court erred and abused its discretion when it acted contrary to well-established public policy dictates of Ohio domestic violence law.

## III. DISCUSSION

{¶ 11} Trial courts have discretion in deciding whether to grant a motion to terminate a CPO, and we review a trial court's ruling on a motion to modify or terminate a CPO for an abuse of discretion. *J.M. v. L.J.*, 9th Dist. No. 19CA011549, 2020-Ohio-4419. Absent an abuse of discretion, a reviewing appellate court will not disturb a decision on a motion to modify or terminate a CPO. *Twitty v. Bowe*, 10th Dist. No. 09AP-953, 2010-Ohio-1391. An abuse of discretion involves more than an error of law or judgment and implies that the trial court decision making is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} A court "may modify or terminate * * * a protection order or consent agreement that was issued after a full hearing." R.C. 3113.31(E)(8)(a). Either the petitioner or respondent may file a motion, and must show, "by a preponderance of the evidence," that termination of the consent agreement is "appropriate because either the protection order or consent agreement is no longer needed or because the terms of the original protection order or consent agreement are no longer appropriate." R.C. 3113.31(E)(8)(b).

{¶ 13} In her first assignment of error, appellant contends that the trial court erred by not treating the consent agreement as a binding contract. At least one appellate district has determined that a consent CPO "is a contract and is founded upon the agreement of the parties." *Luna-Corona v. Esquivel-Parrales*, 12th Dist. No. CA2008-07-175, 2009-Ohio-2628, ¶ 36. "A consent decree, although in effect a final judgment, is a contract founded on the agreement of the parties," and contract principles are generally applicable. *Save the Lake Assn. v. Hillsboro*, 158 Ohio App.3d 318, 2004-Ohio-4522, ¶ 12 (4th Dist.).

{¶ 14} We have not addressed this issue head-on but have recognized that when parties sign a consent order, " 'a party is presumed to have read and understood an agreement he has signed.' " *J.J. v. Kilgore*, 10th Dist. No. 20AP-401, 2021-Ohio-928, ¶ 14, quoting *Benjamin v. Am. Druggists' Ins. Co.*, 10th Dist. No. 04AP-490, 2005-Ohio-582, ¶ 7.

{¶ 15} As a general rule, the trial court's objective in construing written agreements is to arrive at the intent of the parties, which is presumed to be stated in the document itself. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353 (1997). Where the terms of a contract are clear and unambiguous, the court cannot find different intent from that expressed in the contract. *E.S. Preston Assocs., Inc. v. Preston*, 24 Ohio St.3d 7 (1986).

{¶ 16} Appellant admits that "[e]ach party received the mutual legal benefit and legal detriment for which each bargained." (Appellant's Brief at 15.) The trial court may not rewrite a contract by adding language or terms that the parties omitted. *J. Griffin Ricker Assocs., L.L.C. v. Well*, 10th Dist. No. 21AP-29, 2022-Ohio-1470.

{¶ 17} Appellant's consent agreement reads "ALL OF THE TERMS OF THIS ORDER REMAIN IN FULL FORCE AND EFFECT FOR A PERIOD OF FIVE YEARS FROM ISSUANCE OR UNTIL 11:59 pm on 6/17/2024 *unless earlier modified by or dismissed by Order of this Court*.". (Emphasis added and sic.) (Jun. 17, 2021 Order of Protection By Consent at 5.) This ability to modify or terminate is a part of the consent agreement. *Martin v. Martin*, 10th Dist. No. 13AP-171, 2013-Ohio-5703. The trial court is required to conduct a "full hearing" on a petition before it may issue any type of civil protection order other than a temporary ex parte order." *C.T. v. N.Y.*, 10th Dist. No. 22AP-499, 2023-Ohio-3029, ¶ 18. "Full hearing" is not defined in the statute, but "it requires, at a bare minimum, the opportunity for both parties to present evidence and make arguments at a proceeding on a **contested** [Domestic Violence CPO] petition." (Emphasis added.) *Id.* " ' "[W]here the issuance of a protection order is contested, the court must, at the very least, allow for presentation of evidence, both direct and rebuttal, as well as arguments." ' " *D.M.W. v. E.W.*, 10th Dist. No. 17AP-359, 2018-Ohio-821, ¶ 12, quoting *Tarini v. Tarini*, 10th Dist. No. 12AP-336, 2012-Ohio-6165, ¶ 14, quoting *Deacon v. Landers*, 68 Ohio App.3d 26, 30 (4th Dist.1990). A footnote in *Deacon* suggests that "even in a noncontested

case, evidence must be presented to sustain the issuance of a consent protection order," but there is no case law adopting that position. *Deacon* at 30, fn. 5.

{¶ 18} The trial court has broad discretion to control the proceedings before it. *Bradley v. Cox*, 10th Dist. No. 04AP-118, 2004-Ohio-4840, ¶ 21. At the commencement of the full hearing on the petition for a domestic violence CPO, the magistrate stated there were two options: (1) to go forward with a final hearing after which the magistrate would determine if a CPO, which could last for up to five years, should be issued; or (2) the parties could agree to a consent agreement. *R.H. v. J.H.*, 9th Dist. No. 18CA0115-M, 2020-Ohio-3402, ¶ 9. Trial courts routinely have hearings scheduled where the parties reach agreement, and the entry is accepted for approval and adoption by the court. Nothing in the statute requires that a full hearing must be evidentiary and cannot be a non-oral hearing to enter into a consent agreement. This agreement is just the type of order specifically outlined by the statutory language of R.C. 3113.31.

{¶ 19} Even if we considered appellant's premise that the consent agreement is a valid and binding contract, we do not expressly make that finding. However, the clear and unambiguous language of the consent agreement allows early termination by the trial court, and the statute provides guidelines to terminate.

{¶ 20} Lastly, appellant filed a transcript from the November 4 and 7, 2022 hearing dates on the motion to terminate, but did not file a transcript from the June 17, 2021 hearing where the consent agreement was approved by the trial court. Appellant did not file an App.R. 9(C) statement of facts. The proceedings from the June 17, 2021 hearing which were recorded are relevant, and this court cannot conduct a review in the absence of the transcript. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). In the absence of the transcript or alternative record under App.R. 9, regularity is presumed at the trial court. *Barksdale v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-297, 2017-Ohio-395.

{¶ 21} Appellant's first assignment of error is overruled.

{¶ 22} Appellant's second assignment of error challenges the trial court's analysis of the factors used to decide whether termination is appropriate.

{¶ 23} A trial court must consider all relevant factors, including the following outlined in R.C. 3113.31(E)(8)(c):

> (i) Whether the petitioner consents to modification or termination of the protection order or consent agreement;
>
> (ii) Whether the petitioner fears the respondent;
>
> (iii) The current nature of the relationship between the petitioner and the respondent;
>
> (iv) The circumstances of the petitioner and respondent, including the relative proximity of the petitioner's and respondent's workplaces and residences and whether the petitioner and respondent have minor children together;
>
> (v) Whether the respondent has complied with the terms and conditions of the original protection order or consent agreement;
>
> (vi) Whether the respondent has a continuing involvement with illegal drugs or alcohol;
>
> (vii) Whether the respondent has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for an offense of violence since the issuance of the protection order or approval of the consent agreement;
>
> (viii) Whether any other protection orders, consent agreements, restraining orders, or no contact orders have been issued against the respondent pursuant to this section, section 2919.26 of the Revised Code, any other provision of state law, or the law of any other state;
>
> (ix) Whether the respondent has participated in any domestic violence treatment, intervention program, or other counseling addressing domestic violence and whether the respondent has completed the treatment, program, or counseling;
>
> (x) The time that has elapsed since the protection order was issued or since the consent agreement was approved;
>
> (xi) The age and health of the respondent;

(xii) When the last incident of abuse, threat of harm, or commission of a sexually oriented offense occurred or other relevant information concerning the safety and protection of the petitioner or other protected parties.

**{¶ 24}** Each factor should receive specific consideration and weight in determining whether to terminate a CPO. No single factor controls. The trial court has exclusive province to determine how much weight to accord each R.C. 3113.31(E)(8)(c) factor. *Krumm v. Upper Arlington City Council*, 10th Dist. No. 05AP-802, 2006-Ohio-2829.

**{¶ 25}** Appellant first asserts the trial court failed to devote proper attention to whether she consents to the termination. Whether the petitioner consents to early termination is a factor to be considered by the trial court. R.C. 3113.31(E)(8)(c)(i).

**{¶ 26}** The trial court acknowledged that appellant did not consent to the termination. Appellant cannot identify any error where the trial court did not consider the issue of consent, although it is clear there is a level of dissatisfaction. However, dissatisfaction is not error.

**{¶ 27}** Appellant also contends the trial court erred by not determining that her fear of appellee should prevent the consent agreement from being judicially terminated. R.C. 3113.31(E)(8)(c)(ii). Threats of violence constitutes domestic violence under R.C. 3113.31 if those threats result in reasonable fear. *Fleckner v. Fleckner*, 177 Ohio App.3d 706, 2008-Ohio-4000 (10th Dist.).

**{¶ 28}** Courts use both a subjective and objective test to determine whether a petitioner's fear is reasonable. The subjective test "inquires whether the respondent's threat of force actually caused the petitioner to fear imminent serious physical harm." *Id.* at ¶ 23. The objective test looks at "whether the petitioner's fear is reasonable under the circumstances (that is, whether the respondent's threat would cause a reasonable person to fear imminent [unconditional, non-contingent] serious physical harm)." *Id.*

**{¶ 29}** Although appellant testified that she fears appellee, she also admitted that appellee has not caused her any new fear since September 2020. Appellant stated that the fear she has currently is different than the fear she had when the CPO petition was filed. Appellant testified that she had compiled a list of things appellee has done to cause her fear during the course of the consent agreement but was not able to produce the list.

{¶ 30} The parties are able to effectively communicate about parenting decisions, and have jointly attended medical appointments and school events with their child without incident. The parties live and work in separate communities and their paths do not cross.

{¶ 31} There have been no new criminal charges, CPOs, or violations of the consent agreement. Appellee has had no contact with law enforcement since September 2020 when they were summoned to a school play that both parties were allowed to attend. Appellant does not remember the last time appellee made a threat of harm against her.

{¶ 32} The judgment entry reflects that the trial court gave full consideration to all the factors listed in R.C. 3113.31(E)(8)(c) before terminating the consent agreement. The trial court was in the best position to observe the credibility of the witnesses and had the discretion to make a decision. *C.K. v. D.K.*, 9th Dist. No. 21CA011733, 2022-Ohio-647.

{¶ 33} While appellant states she is in fear of appellee, there is no evidence to suggest that appellant is in danger of physical harm from appellee, and the trial court found that appellant's continuing fears were not reasonable. Where there is no evidence of continued threats placing a petitioner in danger, it is not an abuse of discretion for a trial court to terminate a CPO. *Schneider v. Razek*, 8th Dist. No. 100939, 2015-Ohio-410, ¶ 51.

{¶ 34} It is noteworthy that appellee is not required to "acquit" himself in a termination proceeding; he is not required to prove that the underlying fear is no longer reasonable. *Id.*

{¶ 35} Appellant's second assignment of error is overruled.

{¶ 36} Appellant argues in her third assignment of error that the trial court erred when it failed to consider her constitutional rights under Marsy's Law as related to the motion to terminate. We disagree.

{¶ 37} On February 5, 2018, Article I, Section 10a of the Ohio Constitution was amended through a provision known as Marsy's Law with the purpose to expand the rights afforded to crime victims.

{¶ 38} Appellant asserts that, under Marsy's Law, she had the right to be treated with fairness and respect for her safety, dignity, and privacy; to be heard in a public proceeding involving termination of a consent agreement; and reasonable protection from the accused. Appellant argues that the trial court disregarded her rights, and that we should

now consider them. The record indicates that she participated in the hearing regarding the motion to terminate and was treated with decency and respect.

**{¶ 39}** We note that appellant did not raise any objections or issues relating to the depravation of constitutional rights in the trial court, nor did the trial court discuss Marsy's Law in its decision. A litigant's failure to object to a constitutional error in the trial court waives any such claim on appeal. *State v. Shelton*, 10th Dist. No. 05AP-927, 2006-Ohio-6895. "It is a general rule that an appellate court will not consider any error which counsel * * * could have called but did not call to the trial court's attention." *State v. Vanblarcome*, 10th Dist. No. 02AP-417, 2003-Ohio-579, ¶ 17.

**{¶ 40}** While due process rights have been afforded to appellant, it does not necessarily mean that appellant's wishes will prevail. *In re L.A.*, 2d Dist. No. 2013 CA 33, 2013-Ohio-5757. "The right to due process does not equate to the right to be the prevailing party." *Planey v. Mahoning Cty. Court of Common Pleas*, 154 Ohio Misc.2d 1, 2009-Ohio-5684, ¶ 19. However, the constitutional rights are lost due to the failure to preserve the matter for appellate review. *State v. Childs*, 14 Ohio St.2d 56 (1968).

**{¶ 41}** Appellant's third assignment of error is overruled.

**{¶ 42}** Appellant's fourth assignment of error alleges that the trial court erred and abused its discretion when it acted contrary to public policy regarding domestic violence. We find the record reflects that the trial court acted in accord with public policy in this matter.

**{¶ 43}** The purpose of a consent agreement "is to provide a family or household member with protection from domestic violence." *Mansaray v. Sankoh*, 10th Dist. No. 04AP-872, 2005-Ohio-1451, ¶ 6. Even though the consent agreement does not specify a particular instance of domestic violence, it is clear the trial court approved the consent agreement to stop domestic violence, and said approval "implies domestic violence has occurred." *J.J.*, 2021-Ohio-928, at ¶ 16.

**{¶ 44}** There is no evidence that the trial court treated the consent agreement as superfluous because of the divorce action. The trial court was aware and engaged in trying to use a CPO as a tool to address domestic violence, both before and during the divorce. The minimal reference to temporary orders in the divorce proceeding does not support appellant's position.

{¶ 45} The trial court tailored the consent agreement to fit the existing circumstances, and retained jurisdiction to address any change in circumstances and modify or terminate as necessary. We note that appellant has no issue with the process leading to the approval of the consent agreement.

{¶ 46} After a thorough analysis, the trial court determined that appellee met his burden to prove the consent agreement was no longer needed or appropriate to protect appellant from domestic violence, and granted the motion to terminate. The court was not precluded by public policy from terminating the CPO. R.C. 3113.31(E)(8)(a).

{¶ 47} Appellant's fourth assignment of error is overruled.

## IV. DISPOSITION

{¶ 48} For the reasons stated in this opinion, appellant's four assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations is affirmed.

*Judgment affirmed.*

LELAND, J., concurs.
BEATTY BLUNT, P.J., concurs in judgment only.

————————————