[Cite as *State v. Rohrig*, 2024-Ohio-264.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 23AP-403 |
| v. | : | (M.C. No. 2019CRB-16888) |
| Kyle Rohrig, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 25, 2024

**On brief:** *Metz, Bailey & McLoughlin*, and *Lauren R. Swihart*, for appellee.

**On brief:** *Kyle Rohrig*, pro se.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1}  Defendant-appellant, Kyle Rohrig, pro se, appeals from a judgment of the Franklin County Municipal Court revoking his community control and imposing sentence. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2}  As much of the factual and procedural background relevant to this case has been set forth in previous appeals to this court in *State v. Rohrig*, 10th Dist. No. 20AP-579, 2021-Ohio-3903 ("*Rohrig I*"), and *State v. Rohrig*, 10th Dist. No. 22AP-735, 2023-Ohio-3176 ("*Rohrig II*"), we draw liberally from those cases where appropriate.  We also set forth any additional factual and procedural history included in the record relevant to deciding the instant appeal.

{¶ 3}    On September 13, 2019, in Franklin M.C. No. 2019CRB-16888, appellant was charged under R.C. 2919.27 with one first-degree misdemeanor count of violating a protection order issued under R.C. 2919.26. *Rohrig I* at ¶ 2. A jury found appellant guilty of the offense, and, on December 10, 2020, the trial court sentenced appellant to 180 days of incarceration, with 150 days suspended and 28 days of jail-time credit, as well as 2 years community control. *Id.* Appellant appealed the judgment of conviction and sentence to this court. *Id.* at ¶ 1. The trial court stayed appellant's sentence pending appeal.

{¶ 4}    In March 2021, while the appeal in case No. 2019CRB-16888 was pending, appellant was charged in Franklin M.C. No. 2021CRB-3653. *Rohrig II* at ¶ 3.

{¶ 5}    On November 2, 2021, this court affirmed appellant's conviction and sentence in case No. 2019CRB-16888. *Rohrig I* at ¶ 7.

{¶ 6}    In July 2022, appellant was charged in Franklin M.C. No. 2022CRB-10694. *Rohrig II* at ¶ 9. On request of the prosecutor, the trial court ordered appellant to undergo a psychological evaluation to determine his competency to stand trial. *Id.* at ¶ 10. Following a hearing, the trial court found appellant incompetent to stand trial, and ordered he undergo outpatient treatment. *Id.* at ¶ 12.

{¶ 7}    On November 15, 2022, the trial court held a hearing in case No. 2021CRB-3653 and 2022CRB-10694. *Id.* at ¶ 14. Over appellant's objection, the trial court accepted the conclusion set forth in the competency restoration report provided by appellant's outpatient treatment provider, i.e., that appellant was unable to rationally provide his own defense or accept legal advice. *Id.* at ¶ 15. Accordingly, the trial court dismissed the complaints in case Nos. 2021CRB-3653 and 2022CRB-10694 and discharged appellant in those two cases. *Id.* at ¶ 15. In addition, the trial court addressed appellant's conviction in case No. 2019CRB-16888. *Id.* at ¶ 16. After the prosecutor advised that appellant's conviction and sentence in that case had been affirmed by this court, the trial court confirmed the terms of appellant's earlier sentence in case No. 2019CRB-16888. *Id.* at ¶ 16.

{¶ 8}    In judgments issued on November 15, 2022 in case Nos. 2021CRB-3653 and 2022CRB-10694, the trial court found appellant was incompetent to stand trial, ordered the dismissal of the complaints in those two cases, and discharged appellant. *Id.* at ¶ 17. In a judgment issued on November 15, 2022 in case No. 2019CRB-16888, the trial court

reimposed the original sentence of 180 days of incarceration, with 150 days suspended and 28 days of jail-time credit, as well as 2 years community control.[1]

{¶ 9} On May 25, 2023, plaintiff-appellee, State of Ohio, filed a statement of violations alleging appellant had violated several terms of his community control. Following a June 27, 2023 evidentiary hearing, the trial court issued an entry that same day revoking appellant's community control and imposing a sentence of 60 days of incarceration, with 18 days suspended.[2] The next day, June 28, 2023, the trial court issued an entry which modified the 42-day jail term to 30 days and ordered the 30-day sentence to be served commencing June 27, 2023.

## II. Assignments of Error

{¶ 10} Appellant timely appeals and assigns the following two errors for our review:

[I.] Was Judge Green disqualified from appellant's cases?

[II.] Did P.O. Young tamper with himself as evidence and a witness?

## III. Analysis

{¶ 11} Both of appellant's assignments of error allege errors occurring during the June 27, 2023 community control revocation hearing. In his first assignment of error, appellant references testimony and associated documentation provided by the parole officer who filed the statement of violations. According to appellant, this evidence established that the trial judge, Judge James Green, was disqualified from conducting the

---

[1] As part of his appeal in *Rohrig II*, appellant argued the trial court erred in confirming his conviction in case No. 2019CRB-16888 on two grounds. *Id.* at ¶ 47. Appellant first questioned how the trial court could find him incompetent in case Nos. 2021CRB-3653 and 2022CRB-10694 yet continue to enforce his conviction and sentence in case No. 2019CRB-16888. *Id.* Answering that question, this court averred, "[q]uite simply, [appellant] was already convicted and sentenced in 2019 CRB 16888 before the trial court found him incompetent to stand trial." *Id.* We continued "[t]he competency proceedings had no relevancy to 2019 CRB 16888 because the trial in 2019 CRB 16888 was already complete before the proceedings in the latter two cases began. As [appellant] was competent when the trial court entered the final judgment in 2019 CRB 16888, the trial court did not err in continuing to enforce that judgment against him. *See* R.C. 2945.37(G)." *Id.* at ¶ 49. Appellant also argued that he had new evidence that required this court to vacate case No. 2019CRB-16888. *Id.* at ¶ 50. Noting that in appellant's multiple motions for new trial, he had not presented the trial court with a Crim.R. 33(A)(6) motion for new trial based on his new evidence and had not explained why he could not have with reasonable diligence discovered and produced the purported new evidence at the time of his trial, we concluded we could not review appellant's new evidence or his argument. *Id.*

[2] The trial court also overruled appellant's June 26, 2023 motions to quash, for mistrial, and termination of probation.

hearing. In his second assignment of error, appellant references testimony provided by the parole officer related to alleged errors in the statement of violations he submitted.

{¶ 12} We are unable to review either assignment of error because appellant has failed to provide this court with a transcript of the community control revocation proceedings. Pro se litigants must follow the same procedural rules as litigants who are represented by counsel. *Rohrig II* at ¶ 31. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Internal quotations omitted.) *Rohrig I* at ¶ 6, quoting *Pond v. Pond*, 10th Dist. No. 20AP-262, 2021-Ohio-1708, ¶ 5, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). In the absence of the transcript or alternative record under App.R. 9, we must presume the validity of the trial court's proceedings. *J.M. v. S.M.*, 10th Dist. No. 22AP-773, 2023-Ohio-4803, ¶ 20. We thus overrule appellant's first and second assignments of error.

## IV. Conclusion

{¶ 13} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

LUPER SCHUSTER and LELAND, JJ., concur.

———————————